DINIUS *v.* BOLIBRZUCH.

1. FRAUD—ACTION—RESCISSION OF CONTRACT NOT A CONDITION PRE-
CEDENT.

Rescission of contract is unnecessary as a condition precedent to
action for fraud and deceit since such action is not based upon
the contract but upon the tort committed with respect thereto.

2. SAME—SUBSEQUENT ACTS—WAIVER.

Whether or not acts in dealing with property and rights acquired
under a land contract constituted a waiver of alleged fraudu-
lent representations as to it where performed subsequently to
exchange of property interests for the contract, depended upon
whether such acts were done with full knowledge of the fraud
with manifested intention of abiding by the contract.

3. SAME—RELIANCE UPON REPRESENTATIONS—FALSITY — QUESTIONS
FOR JURY.

Reliance of plaintiffs upon alleged false representations as to
value of land contract interest in real estate for which they
gave other property interests to defendants in exchange and
whether or not they were false *held*, questions for jury under
evidence submitted.

4. APPEAL AND ERROR—QUESTIONS REVIEWABLE—GARNISHMENT—
DENIAL.

Denial of leave to appeal to Supreme Court from denial of mo-
tion to quash writ of garnishment *pendente lite, held*, not an
adjudication nor to prejudice right to have review thereof
along with the principal case.

5. GARNISHMENT—ACTION FOR FRAUD—UNLIQUIDATED DAMAGES.

Writ of garnishment may not properly issue prior to judgment
in action for fraud in inducing exchange of interests where
action was for unliquidated damages, since affidavit for writ
of garnishment requires statement of given amount (3 Comp.
Laws 1929, § 14857).

Appeal from Wayne; Gordon (Arthur E.), J.,
presiding. Submitted October 9, 1934. (Docket
No. 49, Calendar No. 38,012.) Decided March 5,
1935. Rehearing denied April 11, 1935.

Action by Clifford Dinius and wife against Walter Bolibrzuch, Simon Stanko, Frank and Stella Malinowski, Antoni and Wladyslawa Michalski, for damages for fraud and deceit in exchange of interests in real estate. Directed verdict and judgment for defendants. Plaintiffs appeal. Defendant Bolibrzuch cross-appeals from denial of motion to quash writ of garnishment. Reversed and new trial granted as to defendants Bolibrzuch and Stanko. Writ of garnishment ordered dismissed.

*Harry J. Lippman,* for plaintiffs.

*Davidow & Davidow,* for defendant Bolibrzuch.

*Lindley, Delaney & Worsham,* for defendants Michalski.

Wiest, J. This is an action to recover damages for fraud and deceit inducing plaintiffs to part with a valuable interest in certain real estate and accept, in exchange, an alleged practically worthless land contract interest in other property.

At the trial Mr. Dinius claimed that defendants Bolibrzuch and Stanko showed him a land contract whereby certain property had been sold for $22,000, and represented the property to be worth that amount "on the Detroit real estate market," and the equity of Mr. Bolibrzuch therein to be of the value of $6,000, and that such representations were untrue and relied upon by him in accepting such interest at a value of $6,000.

At the close of plaintiffs' proofs the trial judge directed a verdict of not guilty stating, in substance, that the evidence tended to negative reliance upon the alleged false representations, by reason of investigation made by plaintiffs and disclosed facts

and that by subsequent acts in affirmance of the contract, rendering restitution of the *status quo* impossible, they had waived the tort and could not recover.

Plaintiffs did not rescind; nor was it necessary to do so in order to maintain the action for fraud and deceit, as such action is not based upon the contract but upon the tort committed by means of false and fraudulent representations. *Bollstrom* v. *Duplex Power Car Co.*, 208 Mich. 15, 25; 27 C. J. p. 16.

It was for the jury to weigh the evidence and determine whether plaintiffs, in fact, relied upon the representations and exercised reasonable prudence. Subsequent acts, in dealing with the property and rights acquired by the contract may, or may not, have constituted a waiver, depending upon whether done with full knowledge of the fraud and with manifested intention of abiding by the contract, and waive all right to recover damages for the deception. 27 C. J. p. 23.

We do not deem it necessary to detail the alleged false representations, beyond what we have stated, or to set out the evidence relative to reliance thereon. There was evidence upon both issues for consideration of the jury.

The court was in error in directing a verdict for defendants, other than Antoni Michalski and Wladyslawa Michalski, and as to them the judgment is affirmed, with costs against plaintiffs, and the judgment is reversed and a new trial granted, with costs against defendants Bolibrzuch and Stanko.

A cross-appeal by defendant Bolibrzuch commands consideration.

Plaintiffs' declaration had one count in assumpsit and upon this they sued out a writ of garnishment against defendant Bolibrzuch. A motion to quash

the writ was denied. A second motion was made and denied and application for leave to appeal was denied by this court. Defendant Bolibrzuch, by cross-appeal, now presents the question of plaintiffs' right to sue out garnishment process. The record is now before us. Our former denial of leave to appeal, *pendente lite,* was not an adjudication, nor did it prejudice right to have review along with the principal case.

In some instances a count in assumpsit may accompany counts in trespass on the case. 3 Comp. Laws 1929, § 14007. The evidence on the trial developed the fact that this is not such an instance, for here there was no rescission and, therefore, no right to recover money paid or value of property received by defendant Bolibrzuch. But, under the evidence and counts in trespass on the case, the action was one to recover unliquidated damages, wholly incapable of being reduced in advance of judicial determination to a given amount as required by the garnishment statute, 3 Comp. Laws 1929, § 14857. The statutory requirement of stating a "given amount" in the affidavit for the writ and the importance of complying therewith is set forth in *Chapman* v. *Detroit Metropolitan Corp.,* 268 Mich. 391.

We are now fully informed of the unliquidated nature of plaintiffs' claim and decline to dismiss the cross-appeal. We now direct the circuit court to dismiss the writ of garnishment.

Defendant Bolibrzuch will recover $25, as costs of his cross-appeal, to be set off against costs taxed in favor of plaintiffs in the main appeal.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.