GROSS v GENERAL MOTORS CORPORATION

Docket Nos. 132648, 134197. Submitted January 12, 1993, at Detroit. Decided May 17, 1993, at 9:10 A.M.

Wilson Gross brought a products liability action in the Wayne Circuit Court against General Motors Corporation and Phil's 76 Service, seeking damages for injuries sustained when his General Motors truck overturned in Washtenaw County. The court, Susan D. Borman, J., granted the defendants' motions for a change of venue improperly laid after finding that Washtenaw County was the proper venue for the action because both the accident and the plaintiff's injuries occurred there. The plaintiff filed an emergency application for leave to appeal. While the application was pending, the plaintiff filed a motion in the Washtenaw Circuit Court, seeking on the basis of convenience of the parties and witnesses a change of venue properly laid to Wayne County. The Washtenaw Circuit Court, Donald E. Shelton, J., issued an order granting the plaintiff's motion to change venue to Wayne County, concluding that Wayne County was the most convenient forum for the parties, the witnesses, and the court. The Court of Appeals, Cynar and Cavanagh, JJ. (Shepherd, P.J., dissenting), denied the emergency application for leave to appeal on August 20, 1990 (Docket No. 130383). The Wayne Circuit Court, Susan D. Borman, J., refused to accept the case from the Washtenaw Circuit Court, ruling that the Washtenaw Circuit Court lacked the authority to transfer the case back to Wayne County. The plaintiff and General Motors appealed by leave granted, and the appeals were consolidated.

The Court of Appeals held:

1. The Washtenaw Circuit Court did not have authority to transfer the case back to Wayne County for the convenience of the parties and the witnesses after the Wayne Circuit Court had ruled that venue was improper in Wayne County. The

REFERENCES

Am Jur 2d, Venue §§ 16, 32, 36, 37, 48 et seq.

Construction and effect of statutory provisions for change of venue for the promotion of the convenience of witnesses and the ends of justice. 74 ALR2d 16.

order of the Washtenaw Circuit Court must be reversed and the order of the Wayne Circuit Court rejecting the transfer from the Washtenaw Circuit Court must be affirmed.

2. Where the venue of an action is improper, the court must order a change of venue if the defendant has made a timely motion. The court has no discretion to retain the action for the convenience of the parties, the witnesses, and the court, and the action may be transferred only to a county in which venue is proper.

3. Because the Wayne Circuit Court did not have the benefit of Supreme Court precedent holding that venue is proper where part or all of a cause of action arises, not merely at the situs of the injury, the case must be remanded to that court for reconsideration of the defendants' original motion for a change of venue in light of the Supreme Court's determination.

Affirmed in part, reversed in part, and remanded.

GRIFFIN, P.J., concurred with the reversal of the Washtenaw Circuit Court order transferring venue to the Wayne Circuit Court and the affirmance of the Wayne Circuit Court order refusing the transfer, but dissented from the decision to review the original transfer order from the Wayne Circuit Court to the Washtenaw Circuit Court, noting that the limited leave to appeal granted by the Court of Appeals did not include that order.

1. VENUE — TRANSFER OF ACTION.

A court must order a change of venue if the venue of the action is improper and the defendant makes a timely motion; the court has no discretion to retain the action for the convenience of the parties, the witnesses, and the court, and may transfer the action only to a county in which venue is proper (MCR 2.223[A][1], 2.224; MCL 600.1651; MSA 27A.1651).

2. VENUE — TRANSFER OF ACTION.

A circuit court that has found that the venue of an action is proper in another county and has transferred the action to that county may reject an attempt by the circuit court of that county to transfer the action back on the ground that for the convenience of the parties and the witnesses venue is proper in the original county.

3. VENUE — TRANSFER OF ACTION — HARDSHIP.

An action may be transferred only to the county in which the moving party resides where venue is changed because of hardship or inconvenience (MCR 2.222[A], 2.224).

4. VENUE — SITUS OF INJURY.
    Venue is proper where all or part of a cause of action arises, not
    merely at the situs of an injury.

*Goodman, Lister, Seikaly & Peters, P.C.* (by
*Richard M. Goodman, Darrel Peters,* and *Thomas
W. Stephens*), *Antone & Kuhn, P.C.* (by *Thomas E.
Kuhn*), and *Bendure & Thomas* (by *Mark R. Ben-
dure* and *Amy R. Snell*), for the plaintiff.

*Reynolds, Beeby, Magnuson, P.C.* (by *Renee
Vintzel Loridas*), for General Motors Corporation.

Before: GRIFFIN, P.J., and SHEPHERD and FITZ-
GERALD, JJ.

FITZGERALD, J. In docket number 132648, defen-
dant General Motors Corporation appeals by leave
granted from Washtenaw Circuit Judge Donald
Shelton's order granting plaintiff's motion to
change venue to Wayne County on the basis of
hardship and inconvenience. In docket number
134197, plaintiff appeals by leave granted from
Wayne Circuit Judge Susan Borman's order refus-
ing to accept the change of venue to Wayne
County and returning the case to Washtenaw
County.

In April 1987, plaintiff, Wilson Gross, and his
two children departed Wayne County in their
General Motors truck en route to Kentucky. Min-
utes into the trip, their truck overturned in Wash-
tenaw County, only minutes away from the Wayne
County border. Plaintiff was paralyzed as a result
of the accident.

On February 9, 1990, plaintiff initiated this
products liability action in the Wayne Circuit
Court against GM. Plaintiff's complaint was later
amended to add Phil's 76 Service as a defendant
for its alleged negligent inspection, service, and
repair of the truck. Both defendants filed motions

for a change of venue improperly laid. On June 8, 1990, the Wayne Circuit Court granted the motions in an order changing venue to Washtenaw County. As the basis for its ruling, the court stated that because both the accident and plaintiff's injuries occurred in Washtenaw County, Wayne County was an improper venue for the action. Plaintiff's emergency application to this Court for leave to appeal the order was denied on August 20, 1990, "for failure to persuade the Court of the need for immediate appellate review."

Before this Court denied his emergency application, plaintiff filed a motion in the Washtenaw Circuit Court seeking on the basis of the convenience of the parties and witnesses a change of venue properly laid[1] to Wayne County. On August 16, 1990, the Washtenaw Circuit Court issued an order granting plaintiff's motion to change venue to Wayne County. The court concluded that Wayne County would be the most convenient forum for the parties, the witnesses, and the court.

On September 6, 1990, GM filed an application for leave to appeal the Washtenaw Circuit Court order. Before a ruling was made by this Court on GM's application for leave to appeal, the Wayne Circuit Court refused to accept the case, with the court ruling sua sponte that the Washtenaw Circuit Court lacked the authority to transfer the case back to Wayne County.

This Court granted plaintiff's and GM's applications for leave to appeal on December 11, 1990. Phil's 76 is not a party on appeal.

The primary issue before us is whether the Washtenaw Circuit Court had authority to transfer the case back to Wayne County for the convenience of the parties and witnesses after the Wayne Circuit Court ruled that venue was im-

---

[1] Plaintiff's motion was apparently based on the Wayne Circuit Court's prior ruling that venue was proper in Washtenaw County.

proper in Wayne County.[2] We conclude that the Washtenaw Circuit Court did not possess such authority.

MCR 2.223(A)(1) requires a court to order a change of venue on timely motion of a defendant if the venue of the action is improper. MCL 600.1651; MSA 27A.1651. The court has no discretion to retain the action for the convenience of all, and the action may be transferred only to a county in which venue is proper. 2 Martin, Dean & Webster, Michigan Court Rules Practice (3d ed), Rule 2.224, 1992 supplement, pp 29-30.[3]

Plaintiff argues, however, that once venue was transferred to Washtenaw County, the Washtenaw Circuit Court had authority pursuant to MCR 2.222(A) to transfer the action for the convenience of the parties and witnesses. However, MCR 2.224 provides that if venue is changed because of hardship or inconvenience, the action may be transferred only to the county in which the moving party resides, which in this case is Wayne County. Because the Wayne Circuit Court had already ruled that venue was improper in Wayne County and had no discretion to retain the action for the convenience of the parties, we conclude that the Washtenaw Circuit Court did not have authority to transfer the action to Wayne County for purposes of convenience.[4] If convenience and hardship were proper defenses to a challenge of improper venue, MCR 2.223 would afford a court discretion to retain actions for the convenience of the parties and witnesses.

[2] Our resolution of this issue does not require us to determine whether Judge Shelton erred in finding that plaintiff met his burden of proving inconvenience or hardship.

[3] Although a transfer likely will result in greater convenience to all, the transfer itself is made because the statute and the court rule both demand that it be made.

[4] Consequently, the Wayne Circuit Court did not abuse its discretion in rejecting the transfer from Washtenaw County.

The Wayne Circuit Court's initial order transferring venue to Washtenaw County is not one of the orders challenged in these appeals. However, although we previously denied plaintiff's application for leave to appeal that order, the denial was without prejudice and was not an adjudication on the merits, and the posture of this case does not impede this Court's ability to review the order.[5] See *Dinius v Bolibrzuch,* 270 Mich 618, 621; 259 NW 156 (1935). To require plaintiff to raise the issue following a trial in the Washtenaw Circuit Court would effectively deny plaintiff the opportunity to have a resolution on the merits of whether the original change of venue was proper. Effective appellate review of a venue ruling can be granted only from an appeal from an interlocutory order because MCL 600.1645; MSA 27A.1645 precludes appellate relief based solely upon improper venue. See *Kohn v Ford Motor Co,* 151 Mich App 300; 390 NW2d 709 (1986).

In *Lorencz v Ford Motor Co,* 439 Mich 370, 377; 483 NW2d 844 (1992), the Supreme Court rejected this Court's determination that venue is properly laid only in the county that is the situs of the plaintiff's injuries and held that venue is proper where part or all of a cause of action arises, not merely at the situs of an injury. Judge Borman did not have the benefit of the *Lorencz* decision when she ruled. Accordingly, we remand to the Wayne Circuit Court for reconsideration of defendant's motion for a change of venue in light of *Lorencz. Witt v C J Barrymore's,* 195 Mich App 517, 522; 491 NW2d 871 (1992).

Reversed in part, affirmed in part, and remanded. We retain jurisdiction.

[5] This Court has broad remedial powers and may enter "any judgment or order or grant further or different relief as the case may require." MCR 7.216(A)(7).

SHEPHERD, J., concurred.

GRIFFIN, P.J. *(concurring in part and dissenting in part).* I agree with the disposition of the issues raised and preserved in this consolidated appeal. I join with the majority in reversing the Washtenaw Circuit Court order transferring venue to the Wayne Circuit Court and in affirming the Wayne Circuit Court order refusing the transfer.

I dissent from the majority's decision to revisit sua sponte the June 8, 1990, Wayne Circuit Court order transferring venue to the Washtenaw Circuit Court. As noted by the majority, plaintiff's application for leave to appeal was denied by this Court on August 20, 1990 (SHEPHERD, P.J., dissenting). No further appeals were taken by plaintiff regarding the 1990 order.

In this consolidated case, neither party has appealed the 1990 transfer order from the Wayne Circuit Court to the Washtenaw Circuit Court. The limited leave to appeal granted by our Court does not include the 1990 order.

I disagree that MCR 7.216(A)(7) should be utilized in this case to address an issue that is not before us. Michigan's venue provisions are nonjurisdictional. MCL 600.1601; MSA 27A.1601. Accordingly, improper venue does not affect an otherwise valid judgment. MCL 600.1645; MSA 27A.1645, and *In re Forfeiture of $1,159,420,* 194 Mich App 134, 140-141; 486 NW2d 326 (1992). Because the parties can receive a fair and convenient trial in either the Washtenaw Circuit Court or the Wayne Circuit Court, I would not prolong the venue limbo.