CORRIGAN, J.
(concurring). I join the majority opinion in full. I would further conclude that, under MCL 600.1645, venue challenges in criminal cases must be resolved through interlocutory appeals. A criminal defendant should not be permitted to seek to overturn a verdict on the sole basis that the trial was held in an improper venue. I urge my colleagues to consider adopting a court rule or recommending legislative action to clarify this currently uncertain aspect of criminal procedure.
MCL 600.1645 provides that “[n]o order, judgment, or decree shall be void or voidable solely on the ground that there was improper venue.” In Grebner v Clinton Charter Twp,[1] the Court of Appeals rejected the defendants’ argument that the trial court erred in denying their motion for change of venue. It concluded that the issue was moot in light of MCL 600.1645 and held that “[t]he proper manner in which to raise this issue is an *595 interlocutory appeal from the order denying the motion for a change of venue.”[2] In Gross v Gen Motors Corp, the Court of Appeals had stated previously:
To require plaintiff to raise the issue following a trial in the Washtenaw Circuit Court would effectively deny plaintiff the opportunity to have a resolution on the merits of whether the original change of venue was proper. Effective appellate review of a venue ruling can be granted only from an appeal from an interlocutory order because MCL 600.1645 precludes appellate relief based solely upon improper venue. [Gross v Gen Motors Corp, 199 Mich App 620, 625; 502 NW2d 365 (1993), rev’d on other grounds 448 Mich 147 (1995) (citation omitted).[3]
I would apply this sound caselaw clarifying the procedure in civil cases to criminal cases generally and to this case. A criminal defendant who objects to the prosecution’s choice of venue should be required to challenge venue through an interlocutory appeal. As the majority opinion explains, a venue error is neither jurisdictional nor constitutional. Accordingly, no verdict in any case should be overturned solely on the ground that the trial was held in an improper venue.[4]
*596 Finally, this case illustrates the need for legislation or a court rule that specifically addresses criminal venue challenges. I would consider adopting a court rule or recommending legislation to codify the rule in Grebner and Gross for both civil and criminal proceedings.[5]

 216 Mich App 736, 744-745; 550 NW2d 265 (1996).

 Id. at 744, citing Gross v Gen Motors Corp, 199 Mich App 620, 625; 502 NW2d 365 (1993), rev’d on other grounds 448 Mich 147 (1995).

3 Defendant sought an interlocutory appeal in the Court of Appeals in this case but did not raise the venue issue. He argued that the trial court erred in consolidating the three lower court cases for trial and denying his motions to exclude various items of evidence referred to as the “kitchen sink material.” The Court of Appeals granted defendant’s motion for immediate consideration, but denied his application for leave to appeal and motion for stay. People v Houthoofd, unpublished order of the Court of Appeals, entered December 29, 2005 (Docket No. 267348).

 Chief Justice Kelly argues that “[b]y explicitly stating [in MCL 600.8312(5)] that MCL 600.1645 applies to venue in civil actions, the Legislature has implicitly indicated that it does not apply in criminal cases.” MCL 600.8312(5) states that “[v]enue in civil actions ... shall be governed by sections 1601 to 1659 ....” In my view, this language does not preclude the application of MCL 600.1645 to a criminal action, *596 particularly given that MCL 600.8312(1) through MCL 600.8312(4) only address where venue is proper in a criminal action; these subsections do not address the consequences of holding a criminal trial in an improper venue.

 The Court has opened an administrative file, ADM File No. 2009-24, to address this deficiency in the criminal law as it relates to venue and to consider whether to recommend legislative action.