### JOHNSON v SIMONGTON

Docket No. 119729. Submitted May 8, 1990, at Grand Rapids. Decided June 5, 1990. Leave to appeal applied for.

Scott E. Johnson was seriously injured when an automobile owned and operated by Brian Simongton collided with a motorcycle ridden by Johnson. The accident occurred on a road in Newaygo County maintained by Consumers Power Company. Johnson was taken to Butterworth Hospital in Kent County, where he died shortly after arrival. Sharon Johnson, individually and as personal representative of the estate of Scott Johnson, deceased, and Edward Johnson filed a wrongful death action against Simongton and Consumers Power Company in Kent Circuit Court. Consumers Power moved for a change of venue to Newaygo County. The court, Donald A. Johnston, III, J., granted the motion. Plaintiffs appealed by leave granted.

The Court of Appeals *held*:

Absent a specific statute governing such actions, venue in wrongful death actions is determined according to the venue statutes governing personal injury actions. Therefore, venue is determined according to' the principles which would have controlled if the injured person had not died and was suing to recover damages for the wrongful conduct. The focus is on the cause of action underlying the wrongful death claim and on determining the county in which all or a part of that underlying claim arose. Furthermore, a cause of action under the wrongful death act accrues at the time the fatal injury occurs, not necessarily when death occurs. The Michigan wrongful death statute contains no specific venue provisions, therefore the general venue statute for tort actions controls. Because plaintiffs' cause of action arose in Newaygo County where the fatal injury to plaintiffs' decedent occurred and defendant conducts business in that county, the trial court properly granted defendant's motion to change venue.

Affirmed.

REFERENCES

Am Jur 2d, Death § 389.

Venue of wrongful death action. 36 ALR2d 1146.

1. VENUE — WRONGFUL DEATH.

    Absent a specific statute governing such, venue in wrongful death actions is determined according to the venue statutes governing personal injury actions, i.e., according to the principles which would have controlled if the injured person had not died and was suing to recover damages for the wrongful conduct; the focus is on the cause of action underlying the wrongful death claim and on determining the county in which all or a part of that underlying claim arose.

2. ACTIONS — WRONGFUL DEATH — ACCRUAL OF CAUSE OF ACTION.

    A cause of action under the wrongful death act accrues at the time of the fatal injury, not necessarily when the resultant death occurs (MCL 600.2922; MSA 27A.2922).

*Sawyer & Thieme, P.C.* (by *R. Kevin Thieme*), for plaintiffs.

*Catherine M. Gleeson,* for Consumers Power Company.

Before: NEFF, P.J., and MAHER and MURPHY, JJ.

PER CURIAM. Plaintiffs appeal by leave granted from the trial court's grant of defendant Consumers Power Company's motion to change venue from Kent Circuit Court to Newaygo Circuit Court. We affirm.

Plaintiffs' cause of action arose out of an accident which occurred on a road maintained by defendant Consumers Power in Newaygo County when an automobile owned and operated by Brian Simongton collided with a motorcycle ridden by plaintiffs' decedent, Scott Johnson. The seriously injured Johnson was taken to Butterworth Hospital in Kent County, where he died shortly after his arrival.

Plaintiffs commenced a wrongful death action against Simongton and Consumers Power in Kent Circuit Court. Defendant Simongton failed to appear or answer plaintiffs' complaint. Defendant

Consumers Power's motion for a change of venue to Newaygo Circuit Court was granted by the trial court.

On appeal, plaintiffs contend that the trial court's grant of defendant's motion to change venue was clearly erroneous because venue was properly laid in Kent Circuit Court pursuant to MCL 600.1629(1)(a); MSA 27A.1629(1)(a) of the general venue statute for tort actions. We disagree.

MCL 600.1629(1)(a); MSA 27A.1629(1)(a) provides:

> A county in which all or a part of the cause of action arose and in which either of the following apply is a proper county in which to commence and try the action:
> (i) The defendant resides, has a place of business, or conducts business in that county.
> (ii) The registered office of a defendant corporation is located in that county.

When the defendant challenges venue, the plaintiff has the burden to establish that the county he chose is a proper venue. *Marsh v Walter L Couse & Co,* 179 Mich App 204, 208; 445 NW2d 204 (1989). The primary concern is that venue should first be proper in the county where all or a part of the cause of action arose. *Id.,* p 207; 2 Martin, Dean & Webster, Michigan Court Rules Practice (1989 Cum Supp), Rule 221, p 11. In the present case, plaintiffs argue that, because the decedent died in Kent County, a part of their cause of action arose in that jurisdiction. Therefore, plaintiffs conclude, because defendant conducts business in Kent County, their tort action was properly commenced in Kent Circuit Court. However, our review of the existing case law leads us to conclude that the trial court correctly ruled that

venue was improperly laid in Kent County. *Shock Bros, Inc v Morbark Industries, Inc,* 411 Mich 696, 698-699; 311 NW2d 722 (1981).

Generally, the county in which the defendant's wrongful act was committed is a proper place for venue. *People v Consumers Power Co,* 275 Mich 86; 265 NW 785 (1936). However, our Supreme Court has also expressly stated that the plaintiff's damages are an essential part of the cause of action. Therefore, the complete cause of action does not accrue until the plaintiff suffers damages. *Connelly v Paul Ruddy's Equipment Repair & Service Co,* 388 Mich 146; 200 NW2d 70 (1972). Following this latter rule, this Court has held that venue is proper in the county where an injured party died although the injuries that caused death were suffered in another county. *Catanese v Heggen,* 115 Mich App 301, 304-306; 320 NW2d 351 (1982).

However, we note that this Court is in conflict on this particular issue. In *Anthony v Forgrave,* 126 Mich App 489; 337 NW2d 546 (1983), a panel of this Court expressly adopted Judge BEASLEY's dissent in *Catanese, supra,* and held that, absent a specific statute governing such actions, venue in wrongful death actions is determined according to the venue statutes governing personal injury actions. Therefore, venue is determined according to the principles which would have controlled if the injured person had not died and was suing to recover damages for the wrongful conduct. The focus is on the cause of action underlying the wrongful death claim and on determining the county in which all or a part of that underlying claim arose. *Id.,* pp 492-493.

We conclude that the rule adopted in *Anthony, supra,* is correct. The majority opinion in *Catanese* was largely based on earlier decisions which con-

strued the operation of the statute of limitations in wrongful death actions and concluded that a cause of action under the wrongful death statute does not accrue until death occurs. *Catanese, supra,* pp 303-305. See also *Rhule v Armstrong,* 384 Mich 709; 187 NW2d 223 (1971); *Coury v General Motors Corp,* 376 Mich 248; 137 NW2d 134 (1965). However, in several recent decisions, our Supreme Court has held that a cause of action under the wrongful death act accrues at the time the person is fatally injured, rather than when he dies. *Hawkins v Regional Medical Laboratories, PC,* 415 Mich 420, 436-437; 329 NW2d 729 (1982), overruling *Coury, supra,* and *Rhule, supra.* See also *Hardy v Maxheimer,* 429 Mich 422, 427; 416 NW2d 299 (1987); *Larson v Johns-Manville Sales Corp,* 427 Mich 301, 314; 399 NW2d 1 (1986). We believe that the venue rule adopted in *Anthony* is more consistent with the Supreme Court's current view on accrual of wrongful death claims.

Our wrongful death statute, MCL 600.2922; MSA 27A.2922, contains no specific venue provisions. Therefore, the general venue statute for tort actions, MCL 600.1629; MSA 27A.1629, controls. Because plaintiffs' cause of action arose in Newaygo County, where the fatal injury to plaintiffs' decedent occurred, and defendant conducts business in that county, the trial court properly granted defendant's motion to change venue.

Affirmed.