## LORENCZ v FORD MOTOR COMPANY

## GROSS v FORD MOTOR COMPANY

Docket Nos. 90914, 90915. Argued November 5, 1991 (Calendar No. 13). Decided May 8, 1992.

Julius J. Lorencz and Kathy Lorencz, as next friends of Nicholas Lorencz, a minor, brought a products liability action in the Wayne Circuit Court against the Ford Motor Company, seeking damages for injuries sustained in a one-car accident in Gratiot County, claiming that venue was proper in Wayne County because the car was defectively designed, manufactured, and assembled there. The court, Marvin R. Stempien, J., denied the defendant's motion for change of venue to Gratiot County, stating that the plaintiffs' cause of action arose in part in Wayne County as required by MCL 600.1629(1)(a); MSA 27A.1629(1)(a), the venue statute. The Court of Appeals, GRIFFIN, P.J., and SAWYER and BRENNAN, JJ., reversed, finding that in a tort action the county where all or part of a plaintiff's injuries or damages occur is the first priority for determining proper venue (Docket No. 118349). The plaintiffs appeal.

Frances Gross and LaVern Gross, who sustained injuries in the same accident, brought a products liability action in the Wayne Circuit Court against the Ford Motor Company, seeking damages. The court, Marianne O. Battani, J., denied the defendant's motion for change of venue. The Court of Appeals, GRIFFIN, P.J., and SAWYER and BRENNAN, JJ., reversed (Docket No. 118361). The plaintiffs appeal.

In an opinion by Justice MALLETT, joined by Chief Justice CAVANAGH and Justices LEVIN, BRICKLEY, BOYLE, and RILEY, the Supreme Court *held:*

MCL 600.1629(1)(a); MSA 27A.1629(1)(a) is unambiguous, and requires no judicial interpretation. Under the statute, venue is proper where part or all of a cause of action arises, not merely the situs of an injury. That a cause of action may arise in more

REFERENCES

Am Jur 2d, Products Liability §§ 862, 866, 867; Venue §§ 15, 36, 37.
See the Index to Annotations under Products Liability; Venue.

than one place, making venue proper in more than one jurisdiction, is apparent from the clear wording of the statute.

In a cause of action arising from a tortious injury, there are four elements: the existence of a legal duty, the breach of the duty, the proximate causal relation between the breach of the duty and an injury to the plaintiff, and the suffering of damages by the plaintiff. It is clear that a breach of a duty can occur in a venue different from the situs of an injury and that a plaintiff, alleging proper facts, may bring an action in any pertinent venue. In these cases, venue was properly laid in Wayne County.

Reversed.

Justice GRIFFIN dissented.

187 Mich App 63; 466 NW2d 346 (1991) reversed.

VENUE — PRODUCTS LIABILITY ACTION — SITUS OF INJURY.

Venue is proper where part or all of a cause of action arises, not merely the situs of an injury; that a cause of action may arise in more than one place, making venue proper in more than one jurisdiction is apparent from the clear wording of the statute (MCL 600.1629[1][a]; MSA 27A.1629[1][a]).

*Charles N. Simkins* for the plaintiffs.

*Gary L. Hayden* and *Plunkett & Cooney, P.C.* (by *Ernest R. Bazzana*), for the defendant.

Amici Curiae:

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Robert W. Powell* and *Barbara H. Erard*) for the Michigan Defense Trial Counsel.

*Clark, Klein & Beaumont* (by *Dwight H. Vincent, Dennis G. Bonucchi,* and *Cynthia L.M. Johnson*) for Michigan Manufacturers Association.

*Mark Granzotto, Monica Farris Linkner,* and *Charles P. Burbach* for the Michigan Trial Lawyers Association.

*Bowman & Brooke* (by *Terrence E. Haggerty*);

(*Hildy Bowbeer,* of counsel) for Product Liability Advisory Counsel, Inc.

MALLETT, J. Plaintiffs, injured in a one-car accident in Gratiot County, Michigan, filed separate product liability actions against defendant Ford Motor Company in Wayne Circuit Court. Because plaintiffs were injured there, defendant contends that venue is proper only in Gratiot County. Plaintiffs appeal a Court of Appeals decision reversing the trial court's denial of defendant's motion for change of venue. 187 Mich App 63; 466 NW2d 346 (1991). We reverse the decision of the Court of Appeals.

## FACTS

This is a products liability case involving a 1982 Ford Escort in which plaintiffs were injured in a one-car accident in Gratiot County. The car was designed, manufactured and inspected at Ford Motor Company's Wayne Assembly plant, located in Wayne County, Michigan.

Plaintiffs, Julius and Kathy Lorencz, as next friends of Nicholas Lorencz, and Frances and LaVern Gross, filed separate products liability actions against Ford Motor Company in Wayne Circuit Court. Each claimed venue was proper in Wayne County because the car was defectively designed, manufactured, and assembled at Ford's Wayne County facilities.

Defendant Ford Motor Company filed motions in both lawsuits for change of venue claiming it was improperly laid in Wayne County. Ford argued that venue belonged only in Gratiot County since that is where plaintiffs' injuries arose and defendant conducted business there.

The trial court denied defendant's motion, stat-

ing that plaintiffs' cause of actions arose, in part, in Wayne County as required under the venue statute, MCL 600.1629(1)(a); MSA 27A.1629(1)(a). The court agreed with plaintiffs that because defendant admitted the car was designed, manufactured, and assembled in Wayne County, part of the cause of action arose in Wayne County, therefore, venue was properly laid in Wayne County. On appeal, the Court of Appeals reversed the decision of the trial court and found that in a tort action, the county where all or part of a plaintiff's injuries or damages occur is the first priority for determining proper venue. 187 Mich App 64. The Court held:

> [I]n actions based on tort the county of first priority for venue is the county or counties in which the injuries or damages occurred. The statutory phrase "in which all or part of the cause of action arose" refers to the situs of the injuries or damages and not to the situs of the wrongful act or acts. [187 Mich App 75.]

I

We are asked to construe the meaning of MCL 600.1629(1)(a); MSA 27A.1629(1)(a), part of the changes of the Revised Judicature Act passed by the Legislature in 1986.[1] It was originally designed to eliminate forum shopping and the filing of only tangentially related lawsuits in Wayne, Oakland,

---

[1] MCL 600.1629(1)(a); MSA 27A.1629(1)(a) provides:

(a) *A county in which all or a part of the cause of action arose* and in which either of the following apply is a proper county in which to commence and try the action:
(i) The defendant resides, has a place of business, or conducts business in that county.
(ii) The registered office of a defendant corporation is located in that county. [Emphasis added.]

and Macomb counties. A number of versions of the bill, HB 5150, were considered by the Legislature before final enactment. The language actually adopted, however, nullified HB 5150's original purpose.

The first draft of HB 5150 amended MCL 600.1627; MSA 27A.1627, the former tort venue statute, by eliminating the language allowing a plaintiff to file a tort claim in the "county in which all or a part of the cause of action arose." HB 5150 would have inserted a new § 2 in § 1627, which stated:

> In a tort action, venue shall be determined in the following order of priority:
> (A) The county in which all or a part of the injury occurred.
> (B) The county in which a defendant resides.
> (C) If none of the defendants meets any of the criteria in subdivision (B), the county in which any plaintiff resides.[2]

This version of the bill was rejected by the House.

On December 11, 1985, the House unanimously adopted amended § 1627 and the language "in which all or a part of the cause of action arose," rejecting the language that limited venue to the situs of the injury.[3] The amended version of HB 5150 was eventually incorporated, unchanged, into HB 5154, revisions to the Revised Judicature Act, and sent to the Senate.[4] The Senate passed HB 5154 on March 18, 1986.[5] On July 6, 1986, HB 5154 was enacted into law and signed by the Governor without any further modifications to the

---

[2] HB 5150 (November 5, 1985).

[3] 1985 Journal of the House 2583 and Substitute for HB 5150.

[4] 1985 Journal of the Senate 2546.

[5] 1986 Journal of the Senate 590.

venue   provisions   that   subsequently   became
§ 1629.[6]

In a cause of action arising from a tortious
injury, there are four elements:

> "1. The existence of a legal duty by defendant
> toward plaintiff;
>     2. the breach of such duty;
>     3. the proximate causal relation between the
> breach of such duty and an injury to the plaintiff;
> and
>     4. the plaintiff must have suffered damages."[7]

It is clear that a breach of duty can occur in a
different venue than the injury in a tort case. For
example, in a products liability action, the product
can be designed in one county, manufactured in
another, and the injury may occur in yet a third.
A plaintiff, alleging proper facts, can file suit in
any one of these places because all or a part of the
cause of action arose in any one of them. Under
the plain language of MCL 600.1629(1)(a); MSA
27A.1629(1)(a), venue would be properly laid in
any one of them.

II

The Court of Appeals panel in *Lorencz,* however,
took a different view. It held that under MCL
600.1629; MSA 27A.1629, venue is properly laid
only in the county which is the situs of plaintiff's
injuries, or where plaintiff's damages arose, not
where all or part of the cause of action occurred.

The panel went through a lengthy discussion of
the history of § 1629, its legislative intent and

---

[6] 1986 Journal of the House 1932.

[7] *Thomas v Process Equipment Corp,* 154 Mich App 78, 86; 397
NW2d 224 (1986), citing *Lefever v American Red Cross,* 108 Mich App
69, 72; 310 NW2d 278 (1981).

purpose. It quoted various legislative materials and committee reports, including the House Legislative Analysis Section's first analysis after the wording of the proposed statute had been changed from "where the injuries occurred" to "[where] all or a part of the cause of action arose." However, the Court of Appeals focus in its discussion of the House Analysis is misplaced. Instead of looking at the precise wording of the statute, which is in the analysis, the Court of Appeals focused on the discussion of the reason to vote in favor of the proposed bill. At one time, the Legislature had before it a version of the venue statute that corresponded perfectly to the Court of Appeals ruling in this case. It was rejected. Because the plain wording of the statute conflicts with the finding that venue is proper only at the situs of an injury, the panel's concentration on the statute's original intent is improper.

III

When a statute is clear and unambiguous, judicial construction or interpretation is unnecessary and therefore, precluded. *Dussia v Monroe Co Employees Retirement System,* 386 Mich 244, 248-249; 191 NW2d 307 (1971); *Land v George Schmidt Co,* 122 Mich App 167, 170; 333 NW2d 30 (1982); *City of Lansing v Lansing Twp,* 356 Mich 641, 648-650; 97 NW2d 804 (1959); *Wills v Iron Co Bd of Canvassers,* 183 Mich App 797, 801; 455 NW2d 405 (1990). However, if construction is necessary, the Court is required to determine and give effect to the Legislature's intent and employ the ordinary and generally accepted meaning of the words used by the Legislature. *Town & Country Dodge, Inc v Dep't of Treasury,* 420 Mich 226, 240; 362 NW2d

618 (1984). "When determining legislative intent, statutory language should be given a reasonable construction considering its purpose and the object sought to be accomplished." *Wills, supra,* p 801. Additionally, it is the primary objective in statutory interpretation and construction to effectuate legislative intent without harming the plain wording of the act. 22 Callaghan, Michigan Civil Jurisprudence, Statutes, § 108, p 379.

Our reading of the statute, MCL 600.1629(1)(a); MSA 27A.1629(1)(a), "[a] county in which all or a part of the cause of action arose," leads us to conclude that it is unambiguous and needs no judicial interpretation.[8] Under the statute, venue is proper where part or all of the cause of action arose, not merely at the situs of the injury. That a cause of action may arise in more than one place, making venue proper in more than one jurisdiction, is apparent from the clear wording of the statute.

### CONCLUSION

Because of the clear meaning of the wording where "all or a part of the cause of action arose," we reverse the decision of the Court of Appeals and find that venue is properly laid in Wayne County.

CAVANAGH, C.J., and LEVIN, BRICKLEY, BOYLE, and RILEY, JJ., concurred with MALLETT, J.

GRIFFIN, J. (*dissenting*). For the reasons set forth in the opinion of the Court of Appeals, I dissent.

---

[8] What the Legislature actually enacted may not have been what it intended to do; however, we are not entitled to say that the language it did adopt is equivalent to what it actually rejected.