WITT v C J BARRYMORE'S

Docket No. 129863. Submitted June 15, 1992, at Detroit. Decided
    August 17, 1992, at 9:05 A.M.

   Patricia A. and Mickey D. Witt, residents of Monroe County,
    brought an action in the Macomb Circuit Court against C.J.
    Barrymore's, a corporation whose resident agent is in Macomb
    County, alleging premises liability and violations of the Ohio
    dramshop act with regard to injuries sustained by Patricia Witt
    and loss of consortium suffered by Mickey Witt after Patricia
    was assaulted and battered by an intoxicated person at the
    defendant's bar in Toledo, Ohio. The court, Michael D.
    Schwartz, J., on motion of the defendant, declined jurisdiction
    and dismissed the action on the ground of forum non conveni-
    ens. The plaintiffs appealed.

   The Court of Appeals *held:*

   1. The doctrine of forum non conveniens is applicable only
where the parties are residents of different states, neither are
residents of the forum state, and the injury or event giving rise
to the suit occurred other than in the forum where the suit was
brought. Because the plaintiffs and the defendant are residents
of Michigan, the trial court erred in declining jurisdiction.

   2. Proper venue of this action, pursuant to MCL 600.1629(1)
(a),(b); MSA 27A.1629(1)(a),(b), is in Monroe County where the
plaintiffs reside and where part of their cause of action, i.e.,
their damages, arose.

   Remanded for change of venue to Monroe County.

*George Parks,* for the plaintiffs.

*Morbach, Toppin & Brewer, P.C.* (by *Richard G. Brewer*), for the defendant.

Before: JANSEN, P.J., and MICHAEL J. KELLY and CORRIGAN, JJ.

CORRIGAN, J. Plaintiff Patricia A. Witt appeals as of right the Macomb Circuit Court's order de-

clining jurisdiction and dismissing her November 7, 1989, complaint. We reverse and remand for action consistent with this opinion.

Plaintiff's complaint alleged that she was injured sometime in November 1987 when an unknown, obviously intoxicated male customer of defendant's bar and restaurant located in Toledo, Ohio, assaulted and beat her. In count I, she claimed that defendant's employees failed to assist her, failed to restrain the drunken customer, and failed to notify the police. She asserted claims of premises liability and Ohio dramshop act violations (Ohio Rev Code Ann § 4399.01) as bases of liability. In count II, plaintiff Mickey D. Witt, Patricia Witt's husband, claimed loss of consortium.

The Witts reside in Monroe County, the Michigan county closest to Lucas County, Ohio, where Toledo is located. Defendant, a Michigan corporation, did business in Toledo, Ohio, and did and does business in Mt. Clemens, where its current resident agent is located. The only connection to Macomb County is the location of defendant's corporate headquarters; this case otherwise has no relation to Macomb County.

Defendant moved the lower court to decline jurisdiction on the ground of forum non conveniens or, in the alternative, to change venue to Lucas County, Ohio.[1] Defendant also claimed that plaintiff failed to satisfy the venue requirements of MCL 600.1629; MSA 27A.1629, because no part of the cause of action arose in Macomb County. At oral argument on the motion in the lower court, defendant suggested that venue could be changed to Monroe County.

---

[1] Defendant has never explained by what authority a Michigan court could order a change of venue to an Ohio court.

In dismissing the case, the lower court ruled in part:

> The court is aware that the Michigan Venue Statute [MCL 600.1621; MSA 27A.1621] controls this matter. The court also has reviewed the various factors or elements taken into consideration with regard to jurisdiction, respecting jurisdiction and after reviewing the various factors the court cannot see how this court can do justice to one side or either side in this matter. Such factors as the availability of compulsory process of tenants [sic] or the unwilling and the costs of obtaining willing witnesses, the ease of access to source of proofs, distance from the situs of the accident or incident, in this case incident, the enforceability of any judgment obtained, possible harassment by either party, other practical problems contributing to ease, expense and expedition of trial. The court realizes that the main office, after what counsel has said, is here in the City of Mount Clemens or Clinton Township for the defendant, C.J. Barrymore's. Nevertheless, they are doing business down in Toledo, Ohio and accordingly the motion to decline jurisdiction or in the alternative for change of venue is hereby granted.

An appellate court tests a lower court's decision to apply the doctrine of forum non conveniens by applying an abuse of discretion standard. *Cray v General Motors Corp,* 389 Mich 382; 207 NW2d 393 (1973); *Spalding v Spalding,* 355 Mich 382, 384-385; 94 NW2d 810 (1959). In declining jurisdiction in this case, the trial court noted easy access to the sources of proofs in Ohio, the availability of compulsory process in Ohio courts for the attendance of unwilling witnesses and the lower costs of obtaining cooperating witnesses, and convenient access to the injury site, as well as the application of Ohio law.

Michigan is, however, a natural and proper

forum for this lawsuit. Maintenance of suit here is neither vexatious nor oppressive. *Williams v Green Bay & W R Co,* 326 US 549; 66 S Ct 284; 90 L Ed 311 (1945). The flaw in the lower court's reasoning was its failure to recognize that both plaintiffs and defendant are Michigan residents. The doctrine of forum non conveniens applies only where the parties are residents of different states, neither are residents of the forum state, and the injury or event giving rise to the cause of action occurred other than in the forum state. As observed in dicta in *Duyck v Int'l Playtex, Inc,* 144 Mich App 595, 602-603; 375 NW2d 769 (1985):

> Forum non conveniens is applicable only where the parties are residents of different states, neither are residents of the forum state, and the injury or event giving rise to the suit occurred other than in the forum where suit was brought. Under this doctrine, jurisdiction is refused by the court and the suit is dismissed. This doctrine, should it be applied in a suit involving a party who resides in Michigan, would be contrary to this state's concept of one court of justice. Const 1963, art 6, § 1. See also *Anderson v Great Lakes Dredge & Dock Co,* 411 Mich 619; 309 NW2d 539 (1981).

The instant dispute is not "imported litigation," even though the alleged injury occurred out of state, because both plaintiffs and defendant reside in Michigan. Defendant is incorporated here and has its principal place of business here, while plaintiffs live in Monroe County. In ignoring these critical factors, the court abused its discretion.

In this case, however, there is no nexus between plaintiffs' causes of action and Macomb County. Venue plainly does not lie in Macomb County pursuant to MCL 600.1629(1)(a); MSA 27A.1629(1)(a), because no part of the cause of action arose

there. MCL 600.1629(1)(a); MSA 27A.1629(1)(a) provides:

> A county in which all or a part of the cause of action arose and in which either of the following apply is a proper county in which to commence and try the action:
>
> (i) The defendant resides, has a place of business, or conducts business in that county.
>
> (ii) The registered office of a defendant corporation is located in that county.

In *Johnson v Simongton,* 184 Mich App 186; 457 NW2d 129 (1990), this Court recognized that where a defendant challenges venue, the plaintiff has the burden to establish that the county he chose is a proper venue. The Court also recognized that the primary concern is that venue first be proper in the county where all or a part of the cause of action arose, citing *Marsh v Walter L Couse & Co,* 179 Mich App 204, 208; 445 NW2d 204 (1989).

In a cause of action arising from a tortious injury, the plaintiff must establish the defendant's legal duty to the plaintiff, the breach of that duty, proximate causation between the breach of duty and the injury, and resultant damages. *Lorencz v Ford Motor Co,* 439 Mich 370, 375; 483 NW2d 844 (1992). Plaintiff's premises liability and dramshop claims appear to arise from duties owed in Ohio. Additionally, questions concerning breach of duty and proximate cause involve events that transpired in Ohio. Plaintiffs' damages arose either in Ohio or in Monroe County.

Under the controlling venue statute, venue is proper in Monroe County. MCL 600.1629(1)(b); MSA 27A.1629(1)(b) provides:

> If no county satisfies the criteria under subdivision (a), a county in which all or a part of the

cause of action arose and in which either of the following apply is a proper county in which to commence and try the action:

(i) The plaintiff resides, has a place of business, or conducts business in that county.

(ii) The registered office of a plaintiff corporation is located in that county.

A portion of plaintiffs' claimed economic, noneconomic, and loss of consortium damages appear to have arisen in Monroe County. The lower court did not rule on venue in Monroe County, although defendant had posed it as an option. However, the lower court did not have the benefit of the *Lorencz* decision when it ruled. Accordingly, we remand for transfer of this case to Monroe County pursuant to MCL 600.1629(1)(b)(i); MSA 27A.1629(1)(b)(i). We do not retain jurisdiction.

Remanded.