VERMILYA v CARTER CROMPTON SITE DEVELOPMENT
CONTRACTORS, INC

Docket No. 143779. Submitted March 7, 1993, at Lansing. Decided
September 8, 1993, at 9:10 A.M.

Harlan Vermilya, as conservator for Matthew Vermilya, a minor,
brought a products liability action in the Genesee Circuit Court
against Carter Crompton Site Development Contractors, Inc.,
alleging the defective manufacture or design of a soccer goal
that fell on Matthew while he was playing on the playground
at a school in Bay County. The defendant moved for a change
of venue to Bay County pursuant to MCL 600.1629(1)(b); MSA
27A.1629(1)(b). The circuit court, Thomas C. Yeotis, J., granted
the motion. The defendant then moved for summary disposition
in the Bay Circuit Court, alleging that the plaintiff was barred
from pursuing the action because the plaintiff had been
awarded a mediation evaluation in a prior lawsuit in the Bay
Circuit Court against the children with whom Matthew was
playing at the time of the accident, all the parties to the
mediation had accepted the evaluation, and a judgment consis-
tent with the evaluation had been awarded to the plaintiff and
satisfied. The court, Eugene C. Penzien, J., granted the defen-
dant's motion. The plaintiff appealed.

The Court of Appeals *held:*

1. Venue was proper in Genesee County because the defen-
dant manufactured or designed the alleged defective goal there.
The decision of the Genesee Circuit Court to change venue on
the basis that venue was improper in Genesee County clearly
was erroneous.

2. A judgment entered pursuant to a mediation evaluation is
effective only against those parties who actually participated in
the action and does not bind parties, such as the defendant in
this case, who were not privy to the proceedings. The dollar
figure suggested in a mediation panel's evaluation is not an

REFERENCES

Am Jur 2d, Arbitration and Award §§ 146, 147, 149; Torts § 85;
Venue §§ 36, 37.
Place where claim or cause of action "arose" under state venue
statute. 53 ALR4th 1104.

actual valuation of the plaintiff's damages, but, instead, is a suggested settlement figure that is reached by considering the plaintiff's damages as one of several factors. The Bay Circuit Court erred in concluding that the suit was barred as a result of the previous judgment entered pursuant to the acceptance of the mediation evaluation.

Reversed and remanded.

1. VENUE — PRODUCTS LIABILITY — SITUS OF MANUFACTURING OR DESIGN.

The provision in MCL 600.1629(1)(a); MSA 27A.1629(1)(a) that an action based on tort may be brought in a county in which all or a part of the cause of action arose properly is interpreted to include a county in which a product was manufactured or designed defectively.

2. VENUE — APPEAL.

The Court of Appeals will reverse a trial court's decision with regard to a motion for a change of venue where there was clear error.

3. JUDGMENTS — JOINT TORTFEASORS — DAMAGES.

Where the conduct of two or more actors proximately causes a single, indivisible injury to a plaintiff, the plaintiff may pursue any or all of the defendants for compensation for the injury, but is entitled to only one satisfaction; where a judgment for the plaintiff is based upon actual litigation of the amount of damages and the judgment is paid in full, the plaintiff has no enforceable claim against any other obligor responsible for the same loss (MCL 600.2925c[5]; MSA 27A.2925[3][5]).

4. PRETRIAL PROCEDURE — MEDIATION — JUDGMENTS — DAMAGES.

The acceptance of a mediation award is not analogous to a judgment entered after a trial; a judgment entered pursuant to a mediation award is effective against only those parties who actually participated in the action; a mediation panel's evaluation of a plaintiff's claim may not constitute a determination of the full extent of the plaintiff's damages because the plaintiff's damages are but one of the factors properly considered by the mediators in determining an award (MCR 2.403[M]).

*Sumpter, Perry & McDonald, P.C.* (by *Thomas E. McDonald*), for the plaintiff.

*Thomas J. Doyle,* for the defendant.

Before: DOCTOROFF, C.J., and SAWYER and MUR-
PHY, JJ.

PER CURIAM. Plaintiff, Harlan Vermilya, as con-
servator for Matthew Vermilya, a minor, appeals
from an order of the Bay Circuit Court granting
defendant summary disposition and dismissing
plaintiff's products liability action against defen-
dant. We reverse and remand.

Matthew Vermilya was a sixth-grade student at
Kolb Middle School in Bay County, Michigan,
when he was injured while on the school's play-
ground when a portable soccer goal fell on him.
The goal was allegedly manufactured by defen-
dant. Plaintiff filed suit in the Bay Circuit Court
against Kolb Middle School, and later moved to
add as defendants the children with whom Mat-
thew was playing at the time of the accident and
the principal of the school. The trial court permit-
ted plaintiff to add the other children as defen-
dants, but refused to allow the principal to be
added on the basis of governmental immunity. The
trial court also dismissed the action against the
school on the basis of governmental immunity.
The case regarding the remaining defendants was
submitted to mediation, and all parties accepted
the mediation panel's evaluation. A judgment was
entered consistent with the mediation evaluation,
awarding plaintiff $100,000, inclusive of costs and
interest from all defendants. The judgment was
fully satisfied.

Shortly after the judgment was entered, plaintiff
filed this action against defendant in the Genesee
Circuit Court, alleging that defendant manufac-
tured the portable soccer goal in Genesee County
and that the goal lacked adequate warnings,
lacked adequate care and use instructions, and
failed to contain instructions regarding the an-

choring of the goal or the devices to be used to anchor it. Defendant filed its answer and plaintiff filed an amended complaint, to which defendant also filed an answer. Defendant then moved for a change of venue to Bay County pursuant to MCL 600.1629(1)(b); MSA 27A.1629(1)(b), which the circuit court granted. Once in Bay County, defendant moved for summary disposition pursuant to MCR 2.116(C)(7), (8), and (10), arguing that the satisfied mediation judgment barred plaintiff from pursuing this action against defendant. The Bay Circuit Court granted defendant's motion for summary disposition.

Plaintiff contends that the transfer of venue to Bay County was erroneous because venue was proper in Genesee County. We agree. MCL 600.1629; MSA 27A.1629 provides:

> (1) Subject to subsection (2), in an action based on tort, the following provisions apply:
>
> (a) A county in which all or a part of the cause of action arose and in which either of the following apply is a proper county in which to commence and try the action:
>
> (i) The defendant resides, has a place of business, or conducts business in that county.
>
> (ii) The registered office of a defendant corporation is located in that county.
>
> (b) If no county satisfies the criteria under subdivision (a), a county in which all or part of the cause of action arose and in which either of the following apply is a proper county in which to commence and try the action:
>
> (i) The plaintiff resides, has a place of business, or conducts business in that county.
>
> (ii) The registered office of a plaintiff corporation is located in that county.
>
> * * *
>
> (2) Either party may file a motion for a change in venue based upon hardship or inconvenience.

Venue shall only be changed under this subsection to the county in which the moving party resides.
. . .

In *Lorencz v Ford Motor Co*, 439 Mich 370, 377; 483 NW2d 844 (1992), our Supreme Court recently interpreted the requirement of MCL 600.1629(1)(a); MSA 27A.1629(1)(a) that an action be brought in a county "in which all or a part of the cause of action arose" to include a county in which a product was manufactured or designed defectively. Because defendant in this case manufactured or designed the allegedly defective goal in Genesee County, venue was proper in Genesee County. *Lorencz, supra.*

We review a trial court's decision to grant or deny a motion for a change of venue for clear error. *Coleman v Gurwin*, 195 Mich App 8, 10; 489 NW2d 118 (1992). Although it is possible for a trial court to grant a party's motion for a change of venue that is based upon hardship or inconvenience, in this case, defendant's motion was based upon the contention that venue was improper in Genesee County. The decision of the Genesee Circuit Court to change venue was therefore clearly erroneous. Because we conclude that the change of venue was in error, we need not reach plaintiff's contention that defendant failed to challenge venue in a timely manner.

Plaintiff also contends that the Bay Circuit Court erred in granting defendant summary disposition. We agree. Defendant argued, and the trial court determined, that plaintiff's judgment against the defendants in the previous litigation, which arose as a result of a mediation evaluation accepted by all parties in that case, constitutes a determination of the full amount of plaintiff's loss, and that satisfaction of that judgment constitutes

a full satisfaction of the amount to which plaintiff is entitled. Where the conduct of two or more actors proximately causes a single, indivisible injury to a plaintiff, the plaintiff may pursue any or all of the defendants for compensation for the injury, but is entitled to only one satisfaction. *Barkman v Montague*, 297 Mich 538, 542; 298 NW 273 (1941); *Verhoeks v Gillivan*, 244 Mich 367, 371; 221 NW 287 (1928); *Kaminski v Newton*, 176 Mich App 326, 328; 438 NW2d 915 (1989). See also MCL 600.2925c(5); MSA 27A.2925(3)(5). When a judgment is based upon actual litigation of the amount of damages and the judgment is paid in full, the plaintiff has no enforceable claim against any other obligor responsible for the same loss. See *Kaminski, supra,* 331; Restatement Judgments, 2d, § 50, comment d, p 40.

In *Espinoza v Thomas*, 189 Mich App 110, 117-118; 472 NW2d 16 (1991), however, this Court held that, although an accepted mediation evaluation serves as a final adjudication of the claims mediated and is binding upon the parties to the mediation, the acceptance of a mediation award is not analogous to a judgement entered after a trial. Rather, MCR 2.403(M) provides:

> (1) If all the parties accept the panel's evaluation, judgment will be entered in that amount. The judgment shall be deemed to dispose of all claims in the action and includes all fees, costs, and interest to the date of judgment.
>
> (2) In a case involving multiple parties, judgment shall be entered as to those opposing parties who have accepted the portions of the evaluation that apply to them.

This language suggests that a judgment entered pursuant to a mediation evaluation can be effective against only those parties who actually partic-

ipated in the action and cannot bind parties not privy to the proceedings. Further, the process used to arrive at a mediation evaluation differs from the trial process in that under the mediation rule no fact finding is necessary, no formal opinion is issued, and the parties are significantly limited in the presentation of evidence. See, generally, MCR 2.403. In arriving at a mediation evaluation, the mediation panel considers factors similar to those considered in the settlement process; for example, the mediators may consider insurance policy limits, the certainty of the claim, and the likelihood of recovery from the defendants. Thus, the dollar figure suggested in a mediation panel's evaluation does not constitute the actual valuation of the plaintiff's damages, but, instead, suggests a settlement figure that is reached by considering the plaintiff's damages as one of several factors. See *Espinoza, supra,* 118; see also *Klawiter v Reurink,* 196 Mich App 263, 266; 492 NW2d 801 (1992). The trial court therefore erroneously concluded that plaintiff's suit was barred by the previous judgment entered pursuant to acceptance of the mediation evaluation.

Reversed and remanded. We do not retain jurisdiction.