RUSSELL v CHRYSLER CORPORATION

McCORKLE v GENERAL MOTORS CORPORATION

Docket Nos. 96233, 96833, 96834. Decided September 8, 1993. On application by the defendants for leave to appeal, the Supreme Court, in lieu of granting leave, vacated the judgment of the Court of Appeals in *Russell* and remanded the case to that Court for reconsideration, and remanded *McCorkle* to the Court of Appeals for consideration as on leave granted.

Thomas P. Russell and his wife Kim M. Russell, residents of Florida, brought an action in the Wayne Circuit Court against the Chrysler Corporation for damages arising from injuries received by Mr. Russell in Florida while working on an automobile manufactured by Chrysler. The court, Louis F. Simmons, Jr., J., granted Chrysler's motion to decline jurisdiction on the ground of *forum non conveniens.* The Court of Appeals, REILLY, P.J., and MICHAEL J. KELLY and CAVANAGH, JJ., reversed, in an unpublished memorandum opinion, finding Chrysler to be a resident of Michigan, citing *Witt v C J Barrymore's,* 195 Mich App 517 (1992), for the proposition that *forum non conveniens* is inapplicable where a party is a resident of the forum state (Docket No. 129839). Chrysler seeks leave to appeal.

Alicia McCorkle, a resident of Florida, brought an action in the Wayne Circuit Court against the General Motors Corporation for damages arising from injuries received in an accident involving an automobile manufactured by General Motors. The court, John A. Murphy, J., denied General Motors' motion to dismiss on the ground of *forum non conveniens.* The Court of Appeals, MACKENZIE, P.J., and WEAVER and MURPHY, JJ., although finding General Motors to be a resident of Michigan, denied leave to appeal, stating that it was following *Witt* as required by Administrative Order No. 1990-6 (Docket Nos. 159916, 162809). General Motors seeks leave to appeal.

In a unanimous opinion per curiam, the Supreme Court *held:*

A party's Michigan residence does not automatically render the doctrine of *forum non conveniens* inapplicable. Application lies within the discretion of the trial court, consistent with the principles stated and applied in *Cray v General Motors Corp,* 389 Mich 382 (1973).

*Russell,* vacated and remanded.

*McCorkle,* remanded for consideration as on leave granted.

*Duyck v Int'l Playtex, Inc,* 144 Mich App 595; 375 NW2d 769 (1985), overruled in part.

*Witt v C J Barrymore's,* 195 Mich App 517; 491 NW2d 871 (1992), overruled in part.

*Denenberg, Tuffley & Jamieson, P.C.* (by *William G. Jamieson* and *Jeffrey R. Learned*), and *Dreyer & Associates* (by *James D. Dreyer*) for the plaintiffs in *Russell.*

*Gregory W. Stine, Edward M. Ricci,* and *Robert A. Sedler* for the plaintiff in *McCorkle.*

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Thomas J. Manganello, Robert W. Powell,* and *Sandra J. LeFevre*) for Chrysler Corporation.

*Bowman & Brooke* (by *Frank Nizio, Terrence E. Haggerty,* and *Ronald C. Wernette, Jr.*); (*Thomas A. Ziolkowski,* of counsel), for General Motors Corporation.

PER CURIAM. In these cases, the defendants attempted to invoke the doctrine of *forum non conveniens.* In one action, the circuit court granted a motion to decline jurisdiction; in the other, such a motion was denied. On appeal, the Court of Appeals treated the doctrine as inapplicable on the ground that the corporate defendants are residents of Michigan. Because the doctrine is not subject to such a limitation, we remand these cases to the Court of Appeals for further consideration.

I

In *Russell v Chrysler Corp,* plaintiff Thomas P. Russell was seriously injured in a January 16, 1986, accident in the State of Florida. He was working on a 1984 Chrysler when the car appar-

ently slipped into gear. It moved forward and struck Mr. Russell, causing serious injury.[1]

On January 6, 1989, Mr. Russell and his spouse filed suit against Chrysler Corporation in the Wayne Circuit Court. The complaint alleged that the Russells are residents of Florida, and that Chrysler Corporation is a Michigan corporation whose principal place of business is this state.[2]

The circuit court granted Chrysler's motion to decline jurisdiction under the doctrine of *forum non conveniens.*

The Russells appealed, and the Court of Appeals reversed the order of the circuit court.[3] The reversal was premised upon *Witt v C J Barrymore's,* 195 Mich App 517; 491 NW2d 871 (1992), in which the Court of Appeals held the doctrine of *forum non conveniens* to be inapplicable where one or more of the parties are residents of the forum state. The Court said that, "[b]ecause the defendant in this case is a resident of Michigan, we have no choice but to reverse the decision of the trial court."[4]

The Court of Appeals denied rehearing.[5] It also denied a petition to convene a special panel under Administrative Order No. 1990-6, 436 Mich lxxxiv[6]

---

[1] These cases have not yet been tried. For present purposes, we are accepting as true the allegations found in the plaintiffs' complaints.

[2] In its answer to the Russells' complaint, Chrysler said that it is a Delaware corporation with its principal place of business in Michigan.

[3] Unpublished memorandum opinion of the Court of Appeals, decided December 1, 1992 (Docket No. 129839).

[4] After saying that it had "no choice but to reverse the decision of the trial court," the Court of Appeals cited Administrative Order No. 1990-6, 436 Mich lxxxiv, perhaps implying that the panel had reservations about the rule of *Witt.*

[5] Unpublished order of the Court of Appeals, entered February 5, 1993 (Docket No. 129839).

[6] Administrative Order No. 1990-6 remains in effect, having been extended by Administrative Order No. 1991-11, 439 Mich cxliv, Administrative Order No. 1992-8, 441 Mich cxi, and Administrative Order No. 1993-4, 442 Mich cxiii.

to reconsider *Witt.*[7]

Chrysler has now filed an application for leave to appeal in this Court.

II

*McCorkle v General Motors Corp,* arises from an accident that occurred on November 27, 1989, just after midnight. Alicia McCorkle was involved in a serious one-car accident in the State of Florida.

Ms. McCorkle sued General Motors Corporation on December 9, 1991, in the Wayne Circuit Court. She alleged that she was a resident of the State of Florida, and that General Motors has its residence, principal place of business, and world headquarters in Michigan.

General Motors moved to dismiss the complaint on the basis of *forum non conveniens.* The circuit court denied the motion.

General Motors applied to the Court of Appeals for leave to appeal, which the Court denied.[8] However, two of the three judges on the panel stated "that they are following *Witt v C J Barrymore's,* 195 Mich App 517 (1992), only because they are bound by Administrative Order 1990-6 to do so."

General Motors then petitioned the Court of Appeals to convene a special panel for the purpose of overruling *Witt,* but the Court denied the petition.[9]

General Motors applies for leave to appeal.[10]

---

[7] Unpublished order of the Court of Appeals, entered March 10, 1993 (Docket No. 159929).

[8] Unpublished order of the Court of Appeals, entered March 5, 1993 (Docket No. 159916).

[9] Unpublished order of the Court of Appeals, entered May 21, 1993 (Docket No. 162809).

[10] General Motors has also filed a motion for immediate consideration, which is granted.

III

In *Duyck v Int'l Playtex, Inc,* 144 Mich App 595; 375 NW2d 769 (1985), the parties were disputing whether venue should be laid in the Wayne Circuit Court or the Macomb Circuit Court. In the course of deciding that question, the Court of Appeals offered the following dictum:

> *Forum non conveniens* is applicable only where the parties are residents of different states, neither are residents of the forum state, and the injury or event giving rise to the suit occurred other than in the forum where suit was brought. Under this doctrine, jurisdiction is refused by the court and the suit is dismissed. This doctrine, should it be applied in a suit involving a party who resides in Michigan, would be contrary to this state's concept of one court of justice. Const 1963, art 6, § 1. [144 Mich App 602-603.]

That dictum from *Duyck* was applied in *Witt*, where the circuit court had declined jurisdiction on the basis of *forum non conveniens.* Again, the Court of Appeals stated that the doctrine of *forum non conveniens* is inapplicable if one of the parties is a resident of Michigan. 195 Mich App 520.

This statement from *Duyck* and *Witt* is not correct. The leading case on *forum non conveniens* in Michigan is *Cray v General Motors Corp,* 389 Mich 382; 207 NW2d 393 (1973); 59 ALR3d 127. The principal question in *Cray* was whether the doctrine was to be part of Michigan law. This Court agreed that it should be and that its application should lie within the discretion of the trial judge.

In *Cray,* this Court affirmed orders entered by the circuit court in four separate cases. In each, the court had denied a motion to decline jurisdic-

tion of a suit against General Motors. Nothing in the *Cray* opinion suggests that the doctrine is inapplicable where one of the parties is a resident of the State of Michigan.[11]

Indeed, this Court cited in *Cray,* with apparent approval, a New York decision[12] in which the court overruled precedent holding that a trial court could not refuse jurisdiction if either party were a resident of New York. This Court explained, "Residency became one factor to be considered but was no longer a controlling factor." 389 Mich 394. This Court also discussed, again with apparent approval, a New Jersey decision[13] in which the doctrine of *forum non conveniens* was applied to the benefit of a defendant that was incorporated in New Jersey. 389 Mich 392.

To aid trial judges in determining whether to decline jurisdiction, this Court summarized its views in this fashion:

> The following criteria are suggested by precedent and specifically from the cases cited [in *Cray*], although as stated in *Gulf Oil Corp v Gilbert* [330 US 501, 508; 67 S Ct 839; 91 L Ed 1055 (1947)], "Wisely it has not been attempted to catalogue the circumstances which will justify or require either grant or denial of remedy. The doctrine leaves much to the discretion of the court to which the plaintiff resorts, and experience has not shown a judicial tendency to renounce one's own jurisdiction so strong as to result in many abuses." . . .
> A balancing out and weighing of factors to be

---

[11] Because the defendant in the *Cray* cases was the same defendant who is before us today in *McCorkle,* this Court could certainly have abbreviated its analysis if it believed that General Motors, as a "resident" of Michigan, was ineligible to seek a dismissal under the doctrine of *forum non conveniens.*

[12] *Silver v Great American Ins Co,* 29 NY2d 356; 328 NYS2d 398; 278 NE2d 619 (1972).

[13] *Gore v United States Steel Corp,* 15 NJ 301, 303; 104 A2d 670; 48 ALR2d 841 (1954), cert den 348 US 861 (1954).

considered in rejecting or accepting jurisdiction in such cases should include:

1. The private interest of the litigant.

a. Availability of compulsory process for attendance of unwilling and the cost of obtaining attendance of willing witnesses;

b. Ease of access to sources of proof;

c. Distance from the situs of the accident or incident which gave rise to the litigation;

d. Enforceability of any judgment obtained;

e. Possible harassment of either party;

f. Other practical problems which contribute to the ease, expense and expedition of the trial;

g. Possibility of viewing the premises.

2. Matters of public interest.

a. Administrative difficulties which may arise in an area which may not be present in the area of origin;

b. Consideration of the state law which must govern the case;

c. People who are concerned by the proceeding.

3. Reasonable promptness in raising the plea of *forum non conveniens.*

The courts are charged to consider the plaintiff's choice of forum and to weigh carefully the relative advantages and disadvantages of jurisdiction and the ease of and obstacles to a fair trial in this state. [*Cray,* 389 Mich 395-396.]

Implicit in such a list of factors is consideration of the location of the parties. Equally clear is the absence from this Court's analysis of a rule rendering *forum non conveniens* inapplicable where one party is a resident of this state.

This Court again considered *forum non conveniens* in *Anderson v Great Lakes Dredge & Dock Co,* 411 Mich 619; 309 NW2d 539 (1981). However, *Anderson* gives no hint that the doctrine is inapplicable whenever one of the parties is a resident of the State of Michigan.

The Court of Appeals has clearly expressed reservations about the rule of *Duyck/Witt. Robey v Ford Motor Co,* 155 Mich App 643, 646; 400 NW2d 610 (1986); *McLarty v Kubota Tractor, Ltd,* 173 Mich App 82, 85-86; 433 NW2d 344 (1988).[14] And in the earlier decision of *Hamann v American Motors Corp,* 131 Mich App 605; 345 NW2d 699 (1983), the Court affirmed a dismissal under *forum non conveniens* though the corporate defendant was headquartered in Michigan and maintained its principal place of business here.

As indicated above, the location of the parties is inescapably an element of the analysis as a court applies the considerations listed in *Cray.* We continue to believe that a court can and must consider the residence of the parties in deciding whether to decline jurisdiction. And we remain equally persuaded that a party's Michigan residence does not automatically render the doctrine of *forum non conveniens* inapplicable.

IV

The dictum that was stated in *Duyck,* and that was later adopted in *Witt,* is not consistent with the principles stated and applied by this Court in *Cray.* Accordingly, we vacate the judgment of the Court of Appeals in *Russell* and remand this case to the Court of Appeals for reconsideration of the plaintiffs' appeal. In *McCorkle,* we remand the case to the Court of Appeals for consideration of the defendant's appeal as on leave granted. MCR 7.302(F)(1).

---

[14] See also *Manfredi v Johnson Controls, Inc,* 194 Mich App 519; 487 NW2d 475 (1992), involving a defendant that had a manufacturing plant in Michigan. There, the Court of Appeals considered the *Cray* factors without regard to the fact that the defendant had a plant in Michigan.

CAVANAGH, C.J., and LEVIN, BRICKLEY, BOYLE, RILEY, GRIFFIN, and MALLETT, JJ., concurred.