HUHN v DMI, INC

Docket No. 154980. Submitted September 7, 1994, at Lansing. Decided October 17, 1994, at 9:35 A.M. Leave to appeal sought.

Larry R. Huhn, as personal representative of the estate of Jaime L. Huhn, deceased, brought a wrongful death action in the Ingham Circuit Court against DMI, Inc., and Dan Lenneman. Jaime was injured in an accident on a farm in Ionia County and was taken to hospitals in Ingham County, where she died the next day. DMI answered and asserted improper venue as an affirmative defense. The trial court, Michael G. Harrison, J., granted DMI's motion for a change of venue to Ionia County. The plaintiff appealed by leave granted.

The Court of Appeals *held:*

1. The basis for the trial court's decision is unclear from the record. However, assuming that the court held that venue was improperly laid in Ingham County, the court erred. Part of the cause of action arose in Ingham County, the situs of the decedent's death and where her estate incurred damages in the form of medical expenses. Venue is proper in any county in which all or part of a cause of action arises, not merely at the situs of the injury.

2. The wrongful death statute, MCL 600.2922; MSA 27A.2922, creates a cause of action in the personal representative if the decedent would have been able to maintain an action had the decedent not died. In this case, the decedent suffered injury, the medical expenses caused by the defendant's alleged negligence, in Ingham County and, if she had survived, would have been able to bring a cause of action regarding such damages there.

3. If the trial court transferred the case for the convenience of the parties and the witnesses, the court clearly erred. The defendants failed to make a persuasive showing of inconve-

REFERENCES

Am Jur 2d, Death § 399; Venue §§ 15, 30, 37, 58, 64, 65, 79.

Construction and effect of statutory provision for change of venue for the promotion of the convenience of witnesses and the ends of justice. 74 ALR2d 16.

Place where claim or cause of action "arose" under state venue statute. 53 ALR4th 1104.

nience so as to overcome the deference accorded to the plaintiff's choice of venue.

4. Defendant Lenneman waived any claim regarding venue by not filing a motion for change of venue before or at the time he filed his answer.

Reversed and remanded.

1. VENUE — TORTS.

Venue is proper in a tort action in any county in which all or part of the cause of action arises, not merely at the situs of the injury (MCL 600.1629[1][a]; MSA 27A.1629[1][a]).

2. TORTS — WRONGFUL DEATH — ACTIONS.

The wrongful death statute creates a cause of action in the personal representative if the decedent would have been able to maintain an action had the decedent not died (MCL 600.2922; MSA 27A.2922).

3. VENUE — CHANGE OF VENUE — INCONVENIENCE.

A plaintiff's choice of venue should be accorded deference by a court considering a motion for change of venue; the burden of establishing inconvenience as grounds for a change of venue rests upon the moving party and requires a persuasive showing of inconvenience.

*Sinas, Dramis, Brake, Boughton, McIntyre & Reisig, P.C.* (by *George T. Sinas, Barry D. Boughton,* and *David R. Brake*), for the plaintiff.

*Tolley, Fisher & Verwys, P.C.* (by *Mark H. Verwys* and *Hilary Curtis Arthur*), for DMI, Inc.

*Wheeler Upham, P.C.* (by *Gary A. Maximiuk*), for Dan Lenneman.

Before: MURPHY, P.J., and HOOD and P. EDWARDS,* JJ.

PER CURIAM. Plaintiff, Larry Huhn, as personal representative of the estate of Jaime L. Huhn, deceased, appeals by leave granted from the trial court order that granted a motion for change of

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

venue by defendant DMI, Inc. We reverse and remand.

Defendant Lenneman and his father farmed together in Ionia County. They purchased a grain wagon from defendant DMI, Inc. Plaintiff's decedent, Jaime Huhn, was defendant Lenneman's niece.

While visiting at the farm, Jaime watched her uncle load corn from a grain wagon into a silo. Once the wagon was moved into the unloading position, Lenneman left Jaime alone at the grain wagon. When Lenneman returned a short time later, he could not find Jaime. He dug into the corn in the wagon and found Jaime near the bottom, covered with corn.

Unsuccessful efforts were made at the scene to revive Jaime. An ambulance was called, and she was taken to St. Lawrence Hospital in Lansing. She was transferred to Sparrow Hospital, also in Lansing, where she died the next day. Both hospitals are in Ingham County.

Plaintiff filed the complaint in the Ingham Circuit Court. Defendant DMI answered and asserted improper venue as an affirmative defense. Defendant Lenneman did not raise the venue issue as an affirmative defense in his answer.

DMI also filed a motion for change of venue to Ionia County. At the hearing on the motion, DMI argued that the cause of action arose in Ionia County, and that, regarding the matter of convenience, all of the witnesses except the Ingham County medical personnel lived in Ionia County.

Plaintiff asserted that, because the corporate defendant had its registered officer in Ingham County, and because the decedent was treated and died in Ingham County, venue was proper there. Moreover, plaintiff argued that defendant Lenne-

man had waived the issue of venue by failing to raise it as an affirmative defense.

The trial court tersely granted the motion. The court's entire response to the arguments of the parties was:

> Well, I'm not certain that an affirmative defense reservation goes to the questions here.
>
> The Court will grant the motion and approve an order accordingly.

This Court reviews a trial court's decision to grant or deny a motion for a change of venue for clear error. *Vermilya v Carter Crompton Site Development Contractors, Inc,* 201 Mich App 467, 471; 506 NW2d 580 (1993).

As indicated by the trial court's cited language, the basis for the trial court's decision is unclear from the record. However, assuming the court found that venue was improperly laid in Ingham County, we hold that the court clearly erred. Part of plaintiff's cause of action arose in Ingham County, the situs of the decedent's death and where her estate incurred damages.

In *Lorencz v Ford Motor Co,* 439 Mich 370; 483 NW2d 844 (1992), our Supreme Court held that venue is proper in any county in which all or part of a cause of action arises. "Under the statute [MCL 600.1629(1)(a); MSA 27A.1629(1)(a)], venue is proper where part or all of the cause of action arose, not merely at the situs of the injury." *Id.,* p 377. A cause of action in tort includes the elements of duty, breach, causation, and damages. Plaintiff correctly contends that death is the sine qua non for a wrongful death action, and that the situs of the death indicates where the essential element occurred. Moreover, plaintiff's medical expenses, construed as damages, were incurred in Ingham County.

Under *Lorencz,* part of the cause of action arose in Ingham County. Painfully obvious is the fact that death is an essential element of a wrongful death claim. *Penner v Seaway Hosp,* 102 Mich App 697; 302 NW2d 285 (1981). Similarly, the term "damages" as used in *Lorencz* plainly refers to the amount intended to compensate for an injury. Damage is defined as: "Loss, injury, or deterioration, caused by the negligence . . . of one person to another . . . . The word is to be distinguished from its plural, 'damages', which means a compensation in money for a loss or damage." Black's Law Dictionary (5th ed), p 351. The wrongful death statute, MCL 600.2922; MSA 27A.2922, creates a cause of action in the personal representative, if the decedent would have been able to maintain suit had the decedent not died. In this case, Jaime would have suffered injury in Ingham County if she had survived, for that was where she incurred medical expenses proximately caused, arguably, by defendants' negligence.

*Witt v C J Barrymore's,* 195 Mich App 517; 491 NW2d 871 (1992), also supports plaintiff's position. In applying *Lorencz,* this Court in *Witt* held that venue did not lie in Macomb County, Michigan, where the plaintiff wife had been injured in Ohio, and resided and suffered claimed economic and noneconomic damages in Monroe County, Michigan, and the plaintiff husband suffered loss of consortium damages in Monroe County, Michigan. *Id.,* p 522. This Court remanded to the trial court for a transfer of venue to Monroe County. *Id.* See also *Gross v General Motors Corp,* 199 Mich App 620, 625; 502 NW2d 365 (1993).

In its reasoning in *Witt,* this Court reemphasized that the plaintiff must establish the defendant's legal duty to the plaintiff, breach of that duty, proximate causation between the breach and

the injury, and resultant damages, and concluded that the "[p]laintiffs' damages arose either in Ohio or Monroe County." *Witt,* p 521.

In the instant case, plaintiff does not reside in Ingham County. However, Ingham County is the situs of the decedent's death. Plaintiff alleges that all medical expenses, claimed as damages, were incurred in Ingham County. *Lorencz* and *Witt* mandate a conclusion that "all or part" of the cause of action arose in Ingham County.

Defendants' reliance on *Johnson v Simongton,*[1] 184 Mich App 186; 457 NW2d 129 (1990), is misplaced.

First, *Johnson* was decided before the promulgation of Administrative Order No. 1990-6 and therefore is not binding. Second, *Johnson* relied on cases that determined when a wrongful death action *accrues. Lorencz,* on the other hand, turned on where the cause of action *arose,* and the Court concluded that when a plaintiff alleges proper facts, the plaintiff may "file suit in any one of these places because all or a part of the cause of action arose in any one of them." *Lorencz,* p 375. The Court went on to note that the Legislature had rejected a bill that would have corresponded to the defendants' position, and found that the plain wording of the statute needs no judicial interpretation. The court held, "[u]nder the statute, venue is proper where part or all of the cause of action arose, not merely at the situs of the injury." *Id.,* p 377. We are satisfied that *Lorencz* mandates the result we reach here. To the extent

[1] Judge MURPHY was on the panel that decided *Johnson.* After that decision, the Supreme Court decided *Lorencz* and this Court decided *Witt.* Although neither *Lorencz* nor *Witt* involved a wrongful death action, Judge MURPHY is persuaded that the Supreme Court's analysis of the legislative history of the venue statute language regarding where "all or a part of the cause of action arose" is to be interpreted more broadly than that used by this Court in *Johnson.*

that *Johnson* may be read as being in conflict, we decline to follow it.

If the trial court transferred the case for the convenience of the parties and witnesses, we hold that this was also clearly erroneous. *Vermilya, supra.* Defendants failed to make a persuasive showing of inconvenience so as to overcome the deference accorded to plaintiff's choice of venue. *Duyck v Int'l Playtex, Inc,* 144 Mich App 595; 375 NW2d 769 (1985).

Plaintiff is also correct in the assertion that the individual defendant, Lenneman, has waived any claim to a motion for change of venue by not filing such a motion before or at the time he filed an answer. MCR 2.221. His "concurrence" in defendant DMI's motion was therefore illusory.

Reversed and remanded for further proceedings. We do not retain jurisdiction.