HUHN v DMI, INC (ON REMAND)

Docket No. 190258. Submitted November 9, 1995, at Lansing. Decided
January 12, 1996, at 9:05 A.M. Leave to appeal sought.

Larry R. Huhn, as personal representative of the estate of Jaime
L. Huhn, brought an action in the Ingham Circuit Court
against DMI, Inc., and Dan Lenneman, seeking damages under
the wrongful death act. Jaime was injured in an accident on a
farm in Ionia County and was taken to hospitals in Ingham
County, where she died the following day. DMI answered and
asserted improper venue as an affirmative defense. The trial
court, Michael G. Harrison, J., granted DMI's motion for a
change of venue to Ionia County. The plaintiff appealed by
leave granted. The Court of Appeals, MURPHY, P.J., and HOOD
and P. EDWARDS, JJ., reversed the decision of the trial court.
207 Mich App 313 (1994). DMI sought leave to appeal, and the
Supreme Court remanded the matter to the Court of Appeals
for reconsideration in light of Gross v General Motors Corp,
448 Mich 147 (1995). 450 Mich 902 (1995).

On remand, the Court of Appeals held:

A trial court's decision concerning a motion for a change of
venue is reviewed to determine whether it is clearly erroneous.
Venue under the general venue statute is proper only at the
situs of the injury or in the place or places where a breach of a
legal duty occurs that causes the damages. The plaintiff's
wrongful death action is controlled by the provisions of the
general venue statute. Accordingly, because the plaintiff's dece-
dent was injured in Ionia County, the trial court did not err in
granting the motion to change venue from Ingham County to
Ionia County.

Order granting change of venue affirmed.

VENUE — WRONGFUL DEATH — CHANGE OF VENUE.

The wrongful death statute contains no specific venue provision,
and, therefore, venue in a wrongful death action is controlled
by the general .venue statute for tort actions, i.e., venue is

REFERENCES

Am Jur 2d, Death § 389; Venue §§ 36, 37.
Venue of wrongful death action. 36 ALR2d 1146.

proper only at the situs of an injury or in the place or places where the breach of a legal duty occurs that subsequently causes a person to suffer damages (MCL 600.2922, 600.1629; MSA 27A.2922, 27A.1629).

*Sinas, Dramis, Brake, Boughton, McIntyre & Reisig, P.C.* (by *George T. Sinas, Barry D. Boughton,* and *David Brake*), for the plaintiff.

*Tolley, Fisher & Verwys, P.C.* (by *Mark H. Verwys* and *Hilary Curtis Arthur*), for DMI, Inc.

*Wheeler Upham, P.C.* (by *Gary A. Maximiuk*), for Dan Lenneman.

ON REMAND

Before: MURPHY, P.J., and HOOD and HOLBROOK, JR., JJ.

PER CURIAM. Plaintiff successfully appealed the trial court's order granting defendant's motion for change of venue in *Huhn v DMI, Inc,* 207 Mich App 313; 524 NW2d 254 (1994). In lieu of granting defendant's motion for leave to appeal, the Supreme Court has remanded this case to us for reconsideration in light of *Gross v General Motors Corp,* 448 Mich 147; 528 NW2d 707 (1995). 450 Mich 902 (1995). We reverse our prior decision.

We review a trial court's decision concerning a motion for a change of venue to determine whether it was clearly erroneous. *Vermilya v Carter Crompton Site Development Contractors, Inc,* 201 Mich App 467, 471; 506 NW2d 580 (1993). In *Gross, supra* at 165, the Supreme Court clarified "the role of damages in establishing tort venue." The Court concluded that

venue in a tort action is proper only at the situs of an injury, or in the place or places where the breach of a legal duty occurs that subsequently causes a person to suffer damages. Tangential damages that occur other than at such places are irrelevant to venue determination. [*Id.*]

In this case, plaintiff's decedent was injured in Ionia County, where her body was found in the grain wagon. We conclude that the trial court did not clearly err in granting defendant's motion to change venue from Ingham County to Ionia County.

The fact that this case involves a wrongful death action does not change the result. The Court in *Gross* construed the general venue statute for tort actions, MCL 600.1629; MSA 27A.1629. The wrongful death statute, MCL 600.2922; MSA 27A.2922, contains no specific venue provision and therefore venue is controlled by the general venue statute for tort actions. *Johnson v Simongton,* 184 Mich App 186, 190; 457 NW2d 129 (1990).

The decision of the trial court is affirmed.