PEOPLE v. NICK.

1. STATUTES—CATCH LINES.
    A catch-line heading or catchword which appears at the right of
    the section number of a statute is no part of the statute (CL
    1948, § 8.4b).

2. PROSTITUTION—EVIDENCE.
    Evidence presented in prosecution for inducing a woman to be-
    come a prostitute *held,* ample to sustain finding of guilt by
    trial judge, sitting as trier of the facts (CL 1948, § 750.455).

3. STATUTES—TITLE OF ACT—PROSTITUTION.
    Declaration of intention "to define crimes and prescribe the
    penalties therefor" in title of the penal code embraced the defi-
    nition as a crime the inducement of a female person to become
    a prostitute, and the designation of such conduct as a felony
    for which punishment was prescribed constituted proper legis-
    lation (CL 1948, § 750.455).

Appeal from Oakland; Beer (William John), J. Submitted November 4, 1964. (Calendar No. 52, Docket No. 50,704.) Decided March 1, 1965. Motion for leave to file delayed application for rehearing denied July 14, 1965.

Peter Nick was convicted of inducing a female to become a prostitute. Affirmed.

*Frank J. Kelley,* Attorney General, *James R. Ramsey,* Acting Solicitor General, *Richard P. Condit,* Prosecuting Attorney, and *Robert L. Templin,* Assistant Prosecuting Attorney, for the people.

REFERENCES FOR POINTS IN HEADNOTES
[1] 50 Am Jur, Statutes §§ 163, 449–452.
    Title of statutes as an element bearing upon their construction.
    37 ALR 927.
[2] 42 Am Jur, Prostitution §§ 22, 23.
[3] 50 Am Jur, Statutes § 160 *et seq.*
    Construction of provision of pandering statute as to placing of
    female in the charge or custody of another. 54 ALR2d 1178.

*Joseph W. Louisell* and *Ivan E. Barris,* for defendant.

O'HARA, J.   This appeal is from a denial of a motion to quash an information, from motions to dismiss a charge and for a new trial.   The sole ground of appeal is the unconstitutionality of the involved statute.

The information alleges "Peter Nick  *  *  *  did induce, persuade and encourage one Sandra Lee Egbert to become a prostitute, contrary to  *  *  * [PA 1931, No 328, § 455 (CL 1948 § 750.455, Stat Ann 1954 Rev § 28.710)]."

In his statement of facts appellant asserts defendant was charged with "pandering" in the language above quoted.

From this erroneous statement of a fact follows erroneous conclusions and the misapplication of case precedent.

The defendant was not charged with "pandering" as such.   He was charged with inducing, persuading and encouraging a female to become a prostitute.

With the codification of crimes in PA 1931, No 328, *supra,* all reference to "pandering" was omitted from the title of the act.   Thus those cases dealing with specific conduct, which earlier acts defined as "pandering," are inapplicable.

The only reference to pandering here is to be found in the catch line immediately to the right of the section number in the penal code.   This catch line, or in this case "catchword" is no part of the statute, title or body.   See CL 1948, § 8.4b (Stat Ann 1961 Rev § 2.215), which was given immediate effect in the same legislative session in which the penal code was adopted and preceded the code in sequence of effective date.

Thus defendant here was charged under an act, the title of which pertinently reads:

"An act  *  *  *  to define crimes and prescribe the penalties therefor  *  *  *."

The involved subsection pertinently reads:

"Sec. 455. Any person  *  *  *  who shall induce, persuade, encourage, inveigle or entice a female person to become a prostitute,  *  *  *  shall be guilty of a felony punishable by imprisonment  *  *  *  for not more than 20 years."

Omitting the excluded catch line, or word, the legislature simply declared certain conduct to be a felony and prescribed the punishment therefor. The proof was ample before the judge sitting as the trier of the facts and he found defendant guilty thereunder. There was no error.

Appellant's able counsel urges with eloquence and force that *People* v. *Smith,* 246 Mich 393, is controlling in all respects. We cannot agree. In *Smith,* this Court said at p 398:

"The legislature declared an intention to define, prohibit, and punish *pandering,*  *  *  *  but failed to denominate, define, denounce, or punish such acts as *pandering.* The result is a good title, not carried into the enactment, and a good enactment except for its title." (Emphasis supplied.)

In the act we here consider the legislature declared an intention to define *crimes* and prescribe punishment therefor. It declared its intention to define as a crime, inducing a female person to become a prostitute. It designated such conduct a felony and prescribed the punishment therefor. The result is a good title carried into a good enactment.

The orders of the trial court here appealed from are affirmed.

KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, SOURIS, SMITH, and ADAMS, JJ., concurred.