*In re* LOVELL

Docket No. 194504. Submitted May 7, 1997, at Lansing. Decided October 21, 1997, at 9:05 A.M.

The Midland County Prosecuting Attorney filed a petition charging Kathryn M. Lovell, a sixteen-year-old minor, with assaulting and battering her mother in their home. A hearing referee refused to issue the petition, finding that the particular subsection of the assault and battery statute under which Lovell was charged, MCL 750.81(2); MSA 28.276(2), did not apply under the facts of the case. The Midland County Probate Court affirmed the referee's decision, and the Midland Circuit Court, Paul J. Clulo, J., affirmed the probate court's decision. The prosecutor appealed by leave granted.

The Court of Appeals *held*:

The three categories of victims set forth in subsection 81(2) are discrete classifications. If a victim falls within one of the classifications, the subsection applies. The third category of victims set forth in subsection 81(2), regarding an individual who assaults or assaults and batters "a resident or former resident of his or her household," applies to a resident or former resident of the offender's household, regardless of the victim's relationship with the offender. The phrase "a resident . . . of his or her household" encompasses the parent-child relationship involved in this case.

Reversed.

FITZGERALD, J., dissenting, stated that the third category of victims set forth in subsection 81(2) applies to victims who resided with the offender at or before the time of the alleged assault or assault and battery and who had or have a romantic involvement with the offender. Offspring do not belong in this category.

ASSAULT AND BATTERY — VICTIMS — RESIDENTS OF OFFENDER'S HOUSEHOLD.

The three categories of victims of assault or assault and battery set forth in MCL 750.81(2); MSA 28.276(2) are discrete classifications; the subsection applies where the victim falls within one of the classifications; the category regarding a victim who is a resident or former resident of the offender's household applies to a resident or former resident regardless of the victim's relationship with the offender.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Norman W. Donker,* Prosecuting Attorney, and *Michael S. Wolsh,* Assistant Prosecuting Attorney, for the petitioner.

*Michael D. Carpenter,* for Kathryn M. Lovell.

Before: BANDSTRA, P.J., and GRIFFIN and FITZGERALD, JJ.

BANDSTRA, P.J. Appellee, a sixteen-year-old minor, allegedly assaulted and battered her mother in the kitchen of their home. The prosecutor filed a petition charging appellee under MCL 750.81(2); MSA 28.276(2) with assault and battery. The referee hearing the case refused to issue the petition, concluding that the particular subsection under which appellee was charged did not apply to the facts of the present case. The prosecutor filed a "Request for Review of Referee Recommendation" in the probate court, which affirmed. The prosecutor appealed to the circuit court, which also affirmed. The prosecutor's application for leave to appeal to this Court was granted. We reverse.

MCL 750.81; MSA 28.276, the assault and battery statute, was amended by 1994 PA 64[1] to provide increasing penalties for what is generally referred to as "domestic violence" or "domestic assault," depending upon the number of prior convictions.[2] Appellee was charged under subsection 2, which provides in

---

[1] Effective July 1, 1994.

[2] Before the amendment, MCL 750.81; MSA 28.276 simply provided:

Any person who shall be convicted of an assault or an assault and battery where no other punishment is prescribed shall be guilty of a misdemeanor.

pertinent part that "an individual who assaults or assaults and batters his or her spouse or former spouse, an individual with whom he or she has had a child in common, or a resident or former resident of his or her household, is guilty of a misdemeanor . . . ." The parties effectively agree for purposes of this appeal that appellee's alleged act, if proved, would constitute an assault and battery. In addition, there is no dispute that appellee and her mother lived together at the time of the events in question. The parties, of course, also agree that appellee is not the spouse or former spouse of the complainant, and equally obviously, there is no suggestion that appellee and the complainant somehow share parentage of a child. The issue in the present appeal concerns whether the phrase "a resident . . . of his or her household" can encompass the type of relationship involved in this case, the parent-child relationship.

The prosecutor suggests that the three categories set forth in the statute—spouses and former spouses, common parents, and residents of the offender's household—each represent a distinct classification of individuals to whom the statute applies. To paraphrase the prosecutor's argument, if any one of these classifications encompasses the alleged victim, the statute applies. We agree with the prosecutor's analysis and conclude that, as its clear language states, the statute applies to "an individual who assaults or

---

This provision, with amendments, is now subsection 1 of the statute; subsections 2 through 4 of the current statute apply to initial and subsequent convictions of domestic assault. We fail to discern the logic of our dissenting colleague's argument that the language of subsection 1, applicable only to general assault and battery, might "bolster" any interpretation of the language of subsections 2 through 4 dealing with domestic assault and battery.

assaults and batters . . . a resident or former resident of his or her household . . . ." When a statute is clear and unambiguous, judicial interpretation is precluded. *Lorencz v Ford Motor Co*, 439 Mich 370, 376; 483 NW2d 844 (1992). Courts may not speculate regarding the probable intent of the Legislature beyond the words expressed in the statute. *In re Schnell*, 214 Mich App 304, 310; 543 NW2d 11 (1995). Thus, we must reject our dissenting colleague's creative efforts at divining some different legislative intent behind the statute; the words of the statute speak for themselves.[3]

The three categories of victims set forth in the statute are discrete classifications, and if a victim falls within one of these classifications, the statute applies. Coverage extends, in the first category, to offenders who presently or previously were married to the victim or, in the second category, to offenders who biologically parented a child with the victim. Either of these categories may apply regardless of whether the offender and victim ever resided together in the same household. The third category applies to offenders who resided in a household with the victim at or before the time of the assault (or assault and battery) regardless of the victim's relationship with the

---

[3] Beyond this general reason for rejecting our dissenting colleague's analysis, we have other specific concerns with the approach taken. The dissent argues that the term "domestic" introduces some ambiguity into the statute, but this term appears only in the catchline heading of the section in the Michigan Compiled Laws Annotated; it is not part of the section and cannot be used to construe the section. MCL 8.4b; MSA 2.215; *People v Nick*, 374 Mich 664, 665; 133 NW2d 201 (1965). Also, the construction offered by the dissent, requiring "romantic involvement" between the offender and the victim, seems especially problematic because it would narrow the statute to exclude, for example, most assaults upon children by adults in the same household.

offender. The statute thus applies to "domestic" offenders broadly defined as including persons joined by marriage, common parenting, or common household residence with the victim.[4]

We reverse.

GRIFFIN, J., concurred.

FITZGERALD, J. (*dissenting*). I respectfully disagree with the majority's conclusion that the domestic assault statute applies to offenders who resided with the victim at or before the time of the alleged assault regardless of the victim's relationship with the offender. I am in agreement with the three prior tribunals that heard appellant's arguments that the domestic assault provisions of the assault and battery statute do not apply to the facts of this case.

The domestic assault provisions of the assault and battery statute, MCL 750.81(2); MSA 28.276(2), were enacted to provide increasing penalties for domestic violence. Subsection 81(2) sets forth three classifications of offenders to which the statute will apply: (1) those who presently or previously were married to the victim, (2) those who biologically parented a child with the victim, and (3) those who resided with the victim at or before the time of the assault. There is no question that the first two classifications of offenders involve persons who are or were involved in a romantic relationship with the victim, nor is there any question that a romantic relationship constitutes a domestic relationship. Because the statute specifically

---

[4] We specifically reject the dissent's suggestion that, under our analysis, college roommates would, like the family members here, be considered common residents of a household for purposes of this statute. That issue is not before us, and we offer no opinion on it.

targets "domestic" offenders, however, it is not clear whether the Legislature intended the third classification of offenders to encompass all offenders who resided with the victim at or before the time of the assault regardless of the relationship between the offender and the victim. Under the reasoning of the majority, unrelated persons who reside together solely as college roommates could be charged with domestic assault. In my opinion, this would be an absurd result. In light of the purpose of the statute, as well as the fact that the common thread uniting the first two classifications of offenders is romantic involvement, I believe that the Legislature intended the term "resident of his or her household" to take on the same significance.[1] Offspring do not belong in this class. That this interpretation furthers the legislative intent underlying the statute, *People v Burton*, 219 Mich App 278, 286; 556 NW2d 201 (1996), is bolstered by the fact that subsection 1 of the same statute criminalizes assaults and assaults and batteries generally, imposing no limitation on the type of individual to which the subsection applies. Appellee could easily have been charged under this subsection.

.

---

[1] In response to the majority's discussion in footnote three that the statute would exclude assaults upon children by adults, I note that such assaults could be charged under subsection 1 of the same statute.