# STATE OF MICHIGAN

# COURT OF APPEALS

McALPINE, PC,

        Plaintiff-Appellant,

v

TIARA CONDOMINIUM ASSOCIATION INC.,
LOUIS BRINDISI, DENNIS K. BOSTICK,
NORMAN ADAMS, LIBORIO GATTO, JOHN
T. BENOIT, LAWRENCE A. STRENG SR.,
JERRY POWEL, ROBERT LEAVY, JOHN J.
BADE SR., ART THOMAS, EDWARD F. KISCO
JR., ANN C. RETTIE, JOE D. MILLER,
RONALD C. ZDELLAR, STEVE MAURO,
RAYMOND LOWE, and FRED GOLDBERG,

        Defendants-Appellees.

UNPUBLISHED
January 11, 2018

No. 334240
Oakland Circuit Court
LC No. 2015-150746-CB

Before: STEPHENS, P.J., and CAVANAGH and K. F. KELLY, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting defendants' motion for summary disposition on the grounds that the court lacked personal jurisdiction over most of the defendants and that, under the doctrine of forum non conveniens, Florida was a more convenient forum to litigate this case for the recovery of attorney fees under a contingency fee agreement. We affirm.

Plaintiff is a law firm located in Michigan. Defendant Tiara Condominium Association (Tiara) is a Florida corporation whose members own condominiums in the Tiara complex on Singer Island located in Florida. Tiara is managed by an all-volunteer board of governors, and the individual defendants were members of that board. Only one board member defendant was from Michigan, Dennis Bostick.

In 2006, plaintiff was first retained by Tiara to provide legal representation under an hourly fee agreement with regard to legal issues and lawsuits arising in Florida after two hurricanes struck and caused extensive damage to the Tiara condominiums.

Then in 2007, plaintiff agreed to pursue Tiara's claims against its insurance risk advisor and broker, Marsh USA, in Florida under a contingency fee agreement. That case was ultimately litigated in the United States District Court for the Southern District of Florida and concluded

-1-

with a jury verdict in Marsh's favor. Thereafter, unbeknownst to plaintiff, Tiara retained a Florida attorney and entered into negotiations that culminated in a settlement agreement with Marsh, thereby abandoning Tiara's appeal rights and extinguishing plaintiff's chance to recover its costs and attorney fees.[1]

Plaintiff then brought this lawsuit in Michigan against Tiara and several of its board members, alleging breach of contract, fraud, promissory estoppel, unjust enrichment, conversion, and tortious interference with a contract. Defendants responded to plaintiff's complaint with a motion for summary disposition under MCR 2.116(C)(1), arguing that the Michigan court lacked personal jurisdiction over Tiara, a Florida corporation, and over 16 of the 17 individual defendants who were not Michigan residents. More particularly, defendants argued, plaintiff solicited Tiara's business in Florida, the underlying litigation occurred in Florida, Tiara is located in Florida, and the fee agreement at issue was executed in Florida. Further, none of the individual board member defendants were acting on behalf of a Michigan corporation and only one of them was a Michigan resident as set forth in the attached affidavits. Thus, defendants did not fall within the reach of Michigan's long-arm statute. Moreover, exercising jurisdiction over defendants would violate constitutional due process. And in the alternative, defendants argued, Michigan was not a reasonably convenient forum; rather, the matter clearly should be litigated in Florida where the defendants, witnesses, and most of the documentary evidence was located. Therefore, the case must also be dismissed under the doctrine of forum non conveniens.

Plaintiff responded to defendants' motion for summary disposition, arguing that defendants' contacts with Michigan were sufficient under the long-arm statute to allow the court to exercise limited personal jurisdiction over defendants. Plaintiff's law firm is in Michigan, most of the legal services provided were performed in Michigan, plaintiff conducted business with defendants by telephone from Michigan, various defendants travelled to Michigan to discuss legal strategy, and there were thousands of emails sent from Michigan to defendants; thus, defendants transacted business in Michigan. Moreover, the exercise of jurisdiction was consistent with due process because defendants solicited plaintiff for legal services, which were for the most part performed in Michigan, and the relationship between the parties existed for over a decade. Further, the doctrine of forum non conveniens was inapplicable in this case because plaintiff is located in Michigan and all of its employees, case files, work product, and witnesses are located in Michigan. Accordingly, plaintiff requested the court to deny defendants' motion for summary disposition.

Defendants filed a reply brief in opposition to plaintiff's brief, arguing that plaintiff misstated numerous "facts," including that several defendants had travelled to Michigan to discuss trial strategy; in fact, only defendant Bostick, who resided in Michigan, met with attorney McAlpine in Michigan. Further, a majority of the witnesses were not located in Michigan; 12 of the 17 defendants were Florida residents and one was a New York resident. Defendants argued, in part:

---

[1] Tiara subsequently brought a legal malpractice action against plaintiff in Florida.

Surely Plaintiff does not seriously believe that it is more convenient for 16 of the 17 Defendants (12 of which are Florida residents) to fly to Michigan, pay for housing, engage in discovery, and litigate a matter that involved real property located in Florida; that involved damage to real property located in Florida; that involves fees and costs allegedly incurred and now due and owing to Plaintiff arising out of the Florida litigation; and that involves a malpractice action brought against Plaintiff in Florida for damages suffered by Defendants resulting from the Plaintiff's representation in Florida for which the fees in this case are being sought.

After oral arguments, the trial court issued its opinion. The court noted that it was undisputed that Michigan could not exercise general personal jurisdiction over any of the defendants except defendant Bostick, a Michigan resident. Thus, the court analyzed whether it could exercise limited personal jurisdiction over the other defendants under the business transaction provisions of the long-arm statutes, MCL 600.705(1) and MCL 600.715(1), consistent with due process.

First, the trial court noted that only "the slightest contact" with this jurisdiction is required to exercise limited personal jurisdiction. And because defendants Tiara and Norm Adams exchanged multiple emails and conducted business by telephone with plaintiff's Michigan office on a regular basis, these two defendants had sufficient minimum contacts with Michigan to exercise jurisdiction over them—along with defendant Bostick who was a Michigan resident. However, defendants' motion for summary disposition with respect to the remaining defendants, who had not even the slightest contact with Michigan, was granted and they were dismissed from the case.

Second, the trial court considered whether exercising jurisdiction over defendants Tiara and Adams comported with due process. In that regard, the court considered (1) whether defendants purposefully availed themselves of the privilege of conducting activities in Michigan, i.e., deliberately undertook to do or cause an act to be done in Michigan or engaged in conduct that could be regarded as a prime generating cause of the effects resulting in Michigan; (2) whether the cause of action arose from defendants' activities in Michigan, i.e., such activities, in a natural and continuous sequence, caused the plaintiff's alleged injuries; and (3) whether defendants' activities were substantially connected with Michigan so as to make the exercise of jurisdiction reasonable. The court noted that, accepting plaintiff's allegations as true as required for purposes of the motion for summary disposition, defendants Tiara and Adams contacted plaintiff in Michigan to retain legal representation and then made several telephone calls and sent numerous emails to plaintiff in Michigan with regard to those legal services. Further, Tiara (through defendant Bostick) came to plaintiff's Michigan office for meetings related to its legal representation. And plaintiff's cause of action arose from defendants' failure to pay for plaintiff's legal representation. Accordingly, the trial court concluded, all of the elements of the three-part test were satisfied and defendants' motion for summary disposition based on lack of personal jurisdiction was denied as to defendants Tiara, Bostick, and Adams.

Then the trial court considered defendants' argument that the case must be dismissed under the doctrine of forum non conveniens because Florida was the more convenient forum. In that regard, the trial court considered the factors set forth in *Cray v General Motors Corp*, 389

Mich 382, 396; 207 NW2d 393 (1973), including the private interest of the litigants, matters of public interest, and the promptness with which this issue was raised. The court concluded that the case would be properly litigated in Florida, noting that plaintiff represented a Florida corporation in Florida, regarding damage to a Florida building, most of the named defendants were in Florida, and the alleged breach of contract occurred in Florida aided by Florida counsel. Therefore, the court exercised its discretion to decline jurisdiction "because the convenience of parties and ends of justice would be better served if this action were brought and tried in Florida[,]" and granted defendants' motion for summary disposition as to defendants Tiara, Bostick, and Adams. Accordingly, plaintiff's entire case was dismissed. Plaintiff filed a motion for reconsideration, which was denied on the ground that no palpable error had been shown. This appeal followed.

Plaintiff argues that the trial court erred in dismissing this case under the doctrine of forum non conveniens because legal services were performed in Michigan, and nearly all of the relevant witnesses and documents are located in Michigan. We disagree.

We review a trial court's decision to dismiss a case under the doctrine of forum non conveniens for an abuse of discretion, which "occurs when the decision results in an outcome falling outside the principled range of outcomes." *Radeljak v DaimlerChrysler Corp*, 475 Mich 598, 603; 719 NW2d 40 (2006).

Our Supreme Court recognized the forum non conveniens doctrine in *Cray*, 389 Mich at 396, holding that it is within a trial court's discretion to decline to exercise jurisdiction "in such cases as the convenience of the parties and the ends of justice dictate," although the court would otherwise have jurisdiction. The *Cray* Court provided some criteria that had been suggested by precedent for courts to consider, but clarified that the "doctrine leaves much to the discretion of the court to which the plaintiff resorts[.]" *Id*. at 395. The *Cray* Court held:

A balancing out and weighing of factors to be considered in rejecting or accepting jurisdiction in such cases should include:

1. The private interest of the litigant.

 a. Availability of compulsory process for attendance of unwilling and the cost of obtaining attendance of willing witnesses;

 b. Ease of access to sources of proof;

 c. Distance from the situs of the accident or incident which gave rise to the litigation;

 d. Enforceability of any judgment obtained;

 e. Possible harassment of either party;

 f. Other practical problems which contribute to the ease, expense and expedition of the trial;

g. Possibility of viewing the premises.

2. Matters of public interest.

    a. Administrative difficulties which may arise in an area which may not be present in the area of origin;

    b. Consideration of the state law which must govern the case;

    c. People who are concerned by the proceeding.

3. Reasonable promptness in raising the plea of *forum non conveniens*. [*Id.* at 395-396 (italics in original).]

Further, a plaintiff's choice of forum is accorded some deference, *Anderson v Great Lakes Dredge & Dock Co*, 411 Mich 619, 628; 309 NW2d 539 (1981), but "a party's Michigan residence does not automatically render the doctrine of *forum non conveniens* inapplicable," *Russell v Chrysler Corp*, 443 Mich 617, 624; 505 NW2d 263 (1993) (italics in original).

In reaching its decision, the trial court considered the private interest of the litigants and noted their competing arguments. Defendants claimed that most of the witnesses, as well as documentary and physical evidence, were located in Florida—which may be out of the reach of the subpoena power, and noted that the purported breach of contract occurred in Florida. To the contrary, plaintiff claimed that its records, employees, work product, and a majority of witnesses were located in Michigan. The trial court also considered matters of public interest, noting defendants' argument that this dispute's connection to Michigan was insufficient to warrant the burden on Michigan courts and taxpayers, while plaintiff argued that Michigan had a substantial interest in litigating this matter involving a Michigan law firm whose office is located in Michigan. The trial court also noted that defendants were prompt in raising their forum non conveniens challenge. The trial court ultimately agreed with defendants' arguments, concluding:

This case involves a Michigan law firm representing a Florida corporation in a Florida case arising out of damage to a Florida [b]uilding. The overwhelming majority of Defendants named by Plaintiff are Florida residents with no connection to Michigan. Plaintiff's allegations primarily involve said Defendants' action in Florida by fraudulently squeezing Plaintiff out and negotiating a settlement with new (Florida) counsel. (footnote omitted).

The trial court's decision to apply the forum non conveniens doctrine under the circumstances of this case does not constitute an abuse of discretion.

Plaintiff's lawsuit is premised on the Engagement and Representation Agreement—a contingency fee agreement entered into between plaintiff and defendant Tiara—related to plaintiff's legal representation of Tiara in Florida against Tiara's insurance risk advisor and broker, Marsh. That lawsuit was filed and litigated in Florida, where a jury found in favor of Marsh. Thereafter, Tiara retained a Florida attorney to negotiate a settlement with Marsh and,

subsequently, a settlement agreement was reached between Tiara and Marsh. It was these actions by Tiara—retaining a different attorney and then settling with Marsh—that gave rise to this lawsuit by plaintiff, which includes breach of contract, fraud, promissory estoppel, unjust enrichment, conversion, and tortious interference with a contract claims.

On appeal, plaintiff argues that most of the witnesses and documents are in Michigan. Like the trial court, we cannot agree. Plaintiff's primary claim is breach of contract. To establish its breach of contract claim, plaintiff must show that there was a valid contract between plaintiff and Tiara, Tiara breached the contract, and plaintiff suffered damages as a result of the breach. See *Calhoun Co v Blue Cross Blue Shield of Mich*, 297 Mich App 1, 13; 824 NW2d 202 (2012); *Miller-Davis Co v Ahrens Const, Inc*, 495 Mich 161, 178; 848 NW2d 95 (2014). Generally, the Engagement and Representation Agreement speaks for itself. *Wilkie v Auto-Owners Ins Co*, 469 Mich 41, 62; 664 NW2d 776 (2003) ("The rights and duties of parties to a contract are derived from the terms of the agreement.").

In its complaint, plaintiff alleged that Tiara breached their contract by (1) falsely assuring plaintiff it would pursue the Marsh litigation on its merits, (2) unreasonably settling the Marsh litigation, (3) refusing to settle the Marsh litigation sooner, (4) refusing to allow plaintiff to be involved in the ultimate settlement of the Marsh litigation, and (5) failing to honor its obligations under their contract. These allegations involve the Marsh litigation which was litigated in Florida and ultimately settled in Florida by a Florida attorney. Further, if the contract was breached by Tiara, it was breached in Florida. Similarly, plaintiff's fraud and tortious interference claims are premised on Tiara, and its governing boards, retaining new Florida counsel to negotiate the settlement with Marsh in Florida to avoid Tiara's contractual obligations to plaintiff.[2] Only one of the defendant governing board members lived in Michigan. Considering the record evidence, the trial court's conclusion that the private interest of the litigants favors defendants and a Florida forum was not erroneous.

The trial court also considered the public interest and noted defendants' argument that Michigan had no significant connection to this litigation while plaintiff argued the opposite. It is clear that the trial court agreed with defendants, stating that Tiara was a Florida corporation, the underlying litigation, i.e., the Marsh litigation, occurred in Florida, and the litigation was about damage to a building located in Florida. Again, the events that gave rise to plaintiff's lawsuit occurred in Florida, including the post-trial retention of a Florida attorney and the "secret" post-trial settlement with Marsh. The nexus between this litigation and this state is minimal. Thus, the trial court's conclusion that the public interest factor favors defendants and a Florida forum was not erroneous. And it is undisputed that the third *Cray* factor, the promptness in raising the issue of forum non conveniens, favors defendants and a Florida forum.

In summary, the trial court did not abuse its discretion when it concluded that the balancing of relevant private and public factors favored defendants and Florida was a more convenient forum to litigate plaintiff's claims against defendants. In light of our resolution of

---

[2] We note that the other claims asserted in plaintiff's complaint, including promissory estoppel, unjust enrichment, and conversion, are based on similar allegations.

this dispositive issue, we need not consider plaintiff's argument that the trial court improperly dismissed defendant Brindisi for lack of personal jurisdiction.

Affirmed. Defendants are entitled to costs as the prevailing party. MCR 7.219(A).


/s/ Cynthia Diane Stephens
/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly